961 F.2d 221
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re John Ercy WILKINSON, Debtor.
BURGER KING CORPORATION, Plaintiff-Appellant/Cross-Appellee,
v.
John Ercy WILKINSON, Defendant-Appellee/Cross-Appellant,
Carl R. CLARK, Trustee.
 Nos. 91-3123, 91-3130.
 United States Court of Appeals, Tenth Circuit.
 April 16, 1992.
 
 1
 Before SEYMOUR and STEPHEN H. ANDERSON, Circuit Judges, and SAM,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 SAM, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 5
 On appeal No. 91-3123, Plaintiff challenges the bankruptcy court's order, affirmed by the district court, dismissing its Amended Complaint to Determine Dischargability of Debt as a sanction following its failure to file a timely response to the Debtor-defendant's motion for dismissal on the merits, as required by D.Kan.Rule 206. On cross appeal No. 91-3130, Defendant challenges the district court's denial of his request for leave to file an oversized brief and his motion seeking sanctions under Fed.R.App.P. 38 against Plaintiff for pursuing a frivolous appeal.
 
 I. Background
 
 6
 Following the conversion of Defendant's Chapter 11 petition to a Chapter 7 proceeding, Plaintiff filed a complaint objecting to discharge pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(4), and (a)(6). Defendant moved to strike the complaint because it was directed jointly at Defendant and his wife, who was pursuing her own separate bankruptcy proceeding. After Plaintiff remedied the defect by amendment, Defendant moved for dismissal on the grounds that the Amended Complaint was filed beyond the time allowed by Bankr.R. 4007(c) and any relation-back rule could not cure the problem because the original complaint had never been served within the period prescribed by Bankr.R. 7004(j). When Plaintiff failed to respond as required by D.Kan.Rule 206(b), the bankruptcy court entered an order, submitted ex parte by Defendant, which deemed the motion confessed pursuant to D.Kan.Rule 206(g). Plaintiff moved for reconsideration, but after an adversary hearing, the bankruptcy court concluded that Plaintiff's conduct throughout the proceedings warranted the severe sanction effected by its initial ruling. The bankruptcy court's decision was affirmed on appeal to the district court, and Plaintiff's present appeal followed. The district court, however, refused to grant Defendant's request for appellate sanctions against Plaintiff pursuant to Fed.R.App.P. 38, prompting Defendant's cross appeal.
 
 
 7
 Plaintiff raises several issues concerning the procedures followed and determinations made by the bankruptcy court in arriving at its decision to dismiss the Amended Complaint. Our review of the bankruptcy court's orders is constrained by the same standards--de novo for legal conclusions and clear error for factual findings--that generally govern appellate scrutiny of bench rulings. Davidovich v. Welton (In re Davidovich), 901 F.2d 1533, 1536 (10th Cir.1990). Of course, we review the bankruptcy court's ultimate decision to impose the sanction of dismissal under an abuse of discretion standard. See, e.g., Miller v. Department of Treasury, 934 F.2d 1161, 1162 (10th Cir.1991), cert. denied, 112 S.Ct. 1215 (1992); Toma v. City of Weatherford, 846 F.2d 58, 60 (10th Cir.1988). For the reasons set forth below, we reject most of Plaintiff's objections, but remand for (1) a more particularized specification of the prior procedural abuses that, in conjunction with the D.Kan.Rule 206 problem, led the bankruptcy court to dismiss Plaintiffs' Amended Complaint, and (2) an express determination regarding the relative culpability of Plaintiff and Plaintiff's counsel with respect to these incidents. As for Defendant's cross appeal, we likewise review the district court's denial of the requested appellate sanctions for an abuse of discretion, Sherk v. Texas Bankers Life & Loan Ins. Co. (In re Sherk), 918 F.2d 1170, 1178 (5th Cir.1990); see also Lawrence Nat'l Bank v. Edmonds (In re Edmonds), 924 F.2d 176, 181 (10th Cir.1991) (sanction imposed under Fed.R.Civ.P. 11 (Bankr.R. 9011)), and affirm that decision, as well as the district court's rejection of Defendant's oversized brief, for substantially the reasons expressed by the district court in its order.
 
 II. Analysis
 A. Plaintiff's Appeal (No. 91-3123)
 
 8
 We shall initially address those objections raised by Plaintiff which we deem to be without merit and then turn to the matters to be remanded for further consideration by the bankruptcy court. The first point Plaintiff challenges is the bankruptcy court's finding that Plaintiff failed to contest Defendant's Motion to Dismiss the Amended Complaint. Although Plaintiff admits neglecting to file any direct, formal response to that particular motion, Plaintiff insists it had already contested the motion's substance in previous filings and, hence, complied with the spirit if not the letter of D.Kan.Rule 206(b). Specifically, Plaintiff maintains that the same timeliness issue raised in Defendant's Motion to Dismiss the Amended Complaint had been raised in Defendant's Motion for Stay pending appeal from the bankruptcy court's previous order granting Plaintiff leave to amend in the first place, as well as on the district court appeal itself. Thus, Plaintiff contends it "had previously contested the issues raised in the Motion to Dismiss by: (i) filing the Amended Complaint in the first instance as a consequence of [Defendant's] complaints about misjoinder; (ii) resisting [Defendant's] appeal from the order permitting the filing of the Amendec [sic] Complaint; and (iii) resisting [Defendant's] motion for stay pending appeal." Brief of Plaintiff-Appellant at 17.
 
 
 9
 We need not decide whether D.Kan.Rule 206 permits such indirect--in lieu of literal--compliance, since a close review of the cited materials belies Plaintiff's claim that they reflect a preliminary, adversarial contest on the merits of the timeliness issue subsequently raised in Defendant's Motion to Dismiss. Obviously, Plaintiff's amendment of the original Complaint, to cure the misjoinder defect that had been the exclusive focus of Defendant's Motion to Strike, did not in and of itself contest the issue of timeliness. To hold otherwise, we would be obliged to adopt the absurd position that all motions for dismissal on limitations grounds are contested ab ante by the very pleadings they challenge. Furthermore, while Defendant did attempt to interject the timeliness issue in his resultant appeal and attendant motion for stay, Plaintiff's resistance to the appeal and stay clearly did not involve its engagement of the issue on the merits. Plaintiff successfully opposed the appeal on the grounds that the denial of Defendant's Motion to Strike was not a final order and the issues resolved by the bankruptcy court did not justify an interlocutory appeal. See Plaintiff's Motion to Dismiss the Appeal, App. at 258; District Court Judgment filed March 29, 1988, App. at 267. As for the stay, Plaintiff argued to the bankruptcy court, again successfully, that such relief was not warranted on the merits of the joinder issue resolved on the Motion to Strike and was not necessary to preserve Defendant's newly asserted timeliness objection precisely because the latter "may be brought to the attention of this court in the form of a motion to dismiss the Amended Complaint." Objection to Stay Pending Appeal, App. at 41, 42; see also Bankruptcy Court Order Denying Motion to Stay, App. at 44. Under the circumstances, the bankruptcy court correctly held that Defendant's Motion to Dismiss was uncontested in light of Plaintiff's silence following its submission.
 
 
 10
 Plaintiff's next contention on appeal is that the lower courts "improperly relied upon the review of prior proceedings to justify the sanctions imposed in the present case." Brief of Plaintiff-Appellant at 20. Actually, Plaintiff argues three separate points under this general heading, namely that the bankruptcy court erred in (1) imposing sanctions in this adversary proceeding based in part on Plaintiff's conduct throughout the overall bankruptcy litigation, (2) neglecting to give Plaintiff notice that anything other than its noncompliance with D.Kan.Rule 206 was involved, and (3) failing to issue any prior warnings regarding the asserted abusiveness of Plaintiff's conduct.[1] See id. at 20-24. However, because the latter two points were not considered by the bankruptcy court and were never raised, argued, or resolved on Plaintiff's intermediate appeal to the district court,[2] we will not consider them here. See Mountain America Credit Union v. Skinner (In re Skinner), 917 F.2d 444, 446 (10th Cir.1990); E.F. Corp. v. Smith, 496 F.2d 826, 829 (10th Cir.1974).
 
 
 11
 As to the first point, Plaintiff complains that "[n]either the Bankruptcy Court, nor the District Court, have given any reason as to why consideration of other proceedings between the same parties is appropriate in determining the sanctions to be imposed in a newly commenced adversary proceeding." Brief of Plaintiff-Appellant at 22. This argument might have some force in another context, where the proceedings in question truly were independent, even if, coincidentally, the same parties and the same tribunal were involved. Here, however, the interrelationship between the overall bankruptcy case and its constituent adversary proceedings, which are presided over--necessarily, rather than by mere coincidence--by the same judge, is undeniable. Accordingly, we think it far more appropriate to demand a persuasive explanation, with supporting authority, from Plaintiff for its unlikely position that when a request for sanctions is made, the bankruptcy court must construct a Chinese wall isolating the various individual proceedings it oversees and restrict its consideration exclusively to the particular proceeding out of which the request immediately arises. Given the lack of such an explanation, we deem Plaintiff's contention meritless. See Phillips v. Calhoun, --- F.2d ----, No. 91-5063, slip op. at 11 (10th Cir. Feb. 11, 1992) (quoting Pelfresne v. Village of Williams Bay, 917 F.2d 1017, 1023 (7th Cir.1990), for proposition that "[a] litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority ..., forfeits the point").
 
 
 12
 Next, we consider together three related objections that all challenge the procedures followed by the bankruptcy court in arriving at and issuing its initial decision to grant Defendant's Motion to Dismiss. Specifically, Plaintiff asserts the bankruptcy court erred in (1) accepting and entering an unsolicited ex parte order on a matter that had been set for oral argument, in violation of Fed.R.Civ.P. 58 ("[a]ttorneys shall not submit forms of judgment except upon direction of the court, and these directions shall not be given as a matter of course"), and D.Kan.Rule 218 (preparation of judgment in accordance with court's direction under Rule 58 requires service on opposing party and submission of latter's objections along with proposed judgment), (2) failing to comply with D.Kan.Rule 110, which contemplates provision of notice and an opportunity to respond--by way of adversarial motion or show cause procedures--before imposition of sanctions on a party, and (3) depriving Plaintiff of due process through the combined effect of the cited procedural errors and irregularities.
 
 
 13
 The district court rejected Plaintiff's first procedural objection, holding "[t]he bankruptcy court did not violate Fed.R.Civ.P. 58 because the order submitted by [Defendant] was not a form of judgment." Memorandum and Order filed March 11, 1991, App. at 452 n. 6. We agree. The bankruptcy court's Order Sustaining Motion to Dismiss, which recited the operative facts, discussed the application of D.Kan.Rule 206 thereto, and sustained the motion without expressly effecting or even directing the entry of judgment, did not implicate the procedural requirements attendant upon formal entry of judgment pursuant to Rule 58. See United States v. City of Kansas City, 761 F.2d 605, 606 (10th Cir.1985). We also agree with the district court's holding that any failure by the bankruptcy court to follow D.Kan.Rule 110 in initially ruling on Defendant's Motion to Dismiss was cured or rendered harmless by the subsequent adversarial proceedings conducted pursuant to Plaintiff's motion to reconsider that ruling. See G.J.B. & Assocs., Inc. v. Singleton, 913 F.2d 824, 832 (10th Cir.1990). The same reasoning applies to Plaintiff's due process objection. Id.
 
 
 14
 That brings us to those matters prompting the remand referred to at the outset of this Order and Judgment. As the lower courts impliedly acknowledged, absent evidence of significant prejudice to Defendant, inconvenience to the court, or contumacious conduct on the part of Plaintiff--none of which have been demonstrated here--the single instance of Plaintiff's noncompliance with D.Kan.Rule 206 would not justify the drastic sanction of dismissal. See, e.g., Miller v. Department of Treasury, 934 F.2d at 1162; Hancock v. City of Oklahoma City, 857 F.2d 1394, 1396 (10th Cir.1988); Meade v. Grubbs, 841 F.2d 1512, 1519-22 (10th Cir.1988). Starting from this premise, Plaintiff challenges the bankruptcy court's critical finding that Plaintiff's noncompliance with D.Kan.Rule 206 was just "one among many abuses that date back through the main bankruptcy case." Bankruptcy Court Memorandum and Opinion filed August 24, 1988, App. at 187. These abuses were not specifically identified, but in the bankruptcy court's view, shared by the district court, "[t]he voluminous docket sheets of the main case files and of even this adversary case point this out time after time." Id.; see District Court Memorandum and Order filed March 21, 1989, App. at 406 ("[e]ven a cursory review of the docket sheets bears out [the finding that Plaintiff 'had continually abused the local rules and tested the court's patience']").
 
 
 15
 We have reviewed the cited docket sheets for some tangible indication of the abusive conduct alluded to by the lower courts, but from our admittedly remote vantage point, we have been unable to identify particular instances of misconduct sufficient to warrant the sanction imposed. Indeed, much of the litigation between the parties involved matters, such as Defendant's attempt to have Plaintiff held in contempt, Plaintiff's motion for relief from the automatic stay, and the various procedural duels over Plaintiff's amendment of its complaint challenging dischargeability, upon which Plaintiff ultimately prevailed. Furthermore, while the bankruptcy court emphasized its particular displeasure over the recurring problem of delay by the parties in bringing motions to issue, it appears to us that Defendant required some five times as many extensions as Plaintiff in the proceedings prior to dismissal of Plaintiff's case. In the absence of more detailed findings of abusive conduct supported by the record, the ultimate sanction of dismissal cannot stand under the authorities cited above. Again, however, this appellate court is not in a favorable position conclusively to confirm or deny in the first instance the existence of such conduct from the inevitably cryptic docket notations recording events witnessed directly by another tribunal. For that reason, we consider a vacatur and remand for further proceedings, rather than an outright reversal, the appropriate action to take in response to the analytical difficulty identified here.
 
 
 16
 Plaintiff also points out that the bankruptcy court never made any express finding with respect to the direct culpability of Plaintiff itself, as distinguished from counsel, for the events leading to dismissal of this adversary proceeding. Our cases make such a finding mandatory, particularly where the litigant is the target of a sanction that precludes its day in court. See Ruplinger v. Rains (In re Rains), 946 F.2d 731, 733 (10th Cir.1991); M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869, 873-74 (10th Cir.1987); see also Security Nat'l Bank v. John Deere Co., 927 F.2d 519, 521 (10th Cir.1991) (confession of motion for failure to file timely response under local rule falls within class of "sanction" cases for which distinction between counsel and client culpability is critical). The bankruptcy court is directed to give this factor explicit consideration in its deliberations on remand.
 
 
 17
 Finally, Plaintiff contends that the bankruptcy court failed to explore the appropriateness of lesser sanctions before electing to dismiss the action, as required by such decisions as Ocelot Oil Corp. v. Sparrow Industries, 847 F.2d 1458, 1465 (10th Cir.1988), and Meade, 841 F.2d at 1520-21 and n. 7. However, it appears to us that the bankruptcy court explicitly rejected, rather than neglected, the option of lesser sanctions. See Memorandum Opinion and Order filed August 24, 1988, App. at 184-87 (recognizing general rule and "explain[ing] why dismissal is the most appropriate sanction rather than attorney's fees"). In any event, the question of lesser sanctions will have to be addressed anew in conjunction with the other matters to be considered on remand.
 
 
 18
 That concludes our review of Plaintiff's appeal. To summarize, we hold that the bankruptcy court did not commit any reversible error in (1) finding Defendant's Motion to Dismiss uncontested for purposes of D.Kan.Rule 206, (2) including within the scope of its sanction inquiry Plaintiff's conduct outside the immediate confines of this adversary proceeding, and (3) conducting the proceedings and issuing its initial decision in the manner now challenged by Plaintiff on procedural grounds. However, due to our inability to confirm with specific references to the record the bankruptcy court's generally stated conclusion regarding Plaintiff's prior abuses, as well as the bankruptcy court's silence on the relative culpability of Plaintiff and counsel for those abuses, we must remand the matter for further proceedings consistent with the legal principles discussed above.
 
 B. Defendant's Cross Appeal (No. 91-3130)
 
 19
 Defendant challenges two unfavorable rulings made by the district court on Plaintiff's intermediate appeal. First, Defendant contends that the district court erred in denying him leave to file an answer brief in excess of the fifty pages prescribed by Bankr.R. 8010(c). Defendant has failed to demonstrate that the district court's enforcement of this reasonable limitation constitutes an abuse of discretion.
 
 
 20
 Second, Defendant urges us to reverse the district court's denial of his request for appellate sanctions against Plaintiff. Our disposition of Plaintiff's appeal obviously undercuts any claim that the arguments advanced by Plaintiff are so frivolous as to warrant sanctions. The district court did not abuse its discretion in denying sanctions.
 
 III. Disposition
 
 21
 On appeal No. 91-3123, the judgment of the United States District Court for the District of Kansas affirming the bankruptcy court's dismissal of Plaintiff's pleadings is VACATED, and the cause is REMANDED to the bankruptcy court for further proceedings consistent with the principles expressed herein. On appeal No. 91-3130, we AFFIRM the district court's denial of Defendant's motions for leave to file an oversized brief and for imposition of appellate sanctions against Plaintiff.
 
 
 
 *
 Honorable David Sam, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Plaintiff also complains in this connection of the bankruptcy court's failure to employ lesser sanctions, but that is a matter subsumed in our assessment of the severity of the sanction actually imposed, which follows later in this Order and Judgment
 
 
 [2]
 See Statement of Issues on Appeal, App. at 193; Initial Brief of Appellant, App. at 270, 290-92; Appellant's Reply Brief, App. at 374; Memorandum and Order filed March 21, 1989, App. at 404; Motion of Appellant to Alter or Amend Judgment and for Reconsideration, App. at 410; Memorandum and Order filed March 11, 1991, App. at 447