21 F.3d 1120
 RICO Bus.Disp.Guide 8553
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re: B-K OF KANSAS, INC.; John E. Wilkinson; and
Marianne Anderson Wilkinson, Debtors.
BURGER KING CORPORATION, Plaintiff-Counterclaim-Defendant-Appellee,
v.
B-K OF KANSAS, INC.; John E. Wilkinson,
Defendants-Counterclaimants-Appellants,
v.
Sutton's Inc.; Dale Sutton; Dean Sutton; J. Jeffrey
Campbell; and Paul T. Sutherland,
Counterclaim-Defendants-Appellees.
 No. 91-3185.
 United States Court of Appeals, Tenth Circuit.
 April 12, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.
 
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.2. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellants Wilkinson and B-K of Kansas, Inc., appeal from an order of the District Court for the District of Kansas, dated March 21, 1991, granting Appellee Burger King Corporation's ("Burger King") motions for summary judgment. That order also rendered moot various other motions before the district court. This dispute, which dates back to 1982, arises out of the alleged breach of a franchise agreement between Burger King and appellants Wilkinson and B-K of Kansas. We have neither the desire nor the need to recite the torturous procedural history of this matter. It suffices to note that the Honorable Dale E. Saffels, United States District Judge for the District of Kansas, in a classic bit of understatement, once referred to this matter as an "unrelenting monster of a lawsuit." Burger King Corp. v. B-K of Kansas, Inc., No. 86-2294-S, 1987 U.S. Dist. LEXIS 1892 at * 1 (D. Kans. Feb. 20, 1987). At the same time, Judge Saffels expressed his hope that his order would hasten the final adjudication of this matter. Id. As indicated by the fact that the present case is before us seven years later, his hope was, alas, misplaced.
 
 
 3
 On appeal, Appellants raise seven instances of alleged error by the district court in granting summary judgment in favor of the appellees. The claims before us are little more than conclusory allegations, and to the extent that they might find some support somewhere, the appellants have failed to provide any citations to the record or to any authority whatsoever, other than to a University of Missouri Law Review article entitled "Franchise Actions in Missouri," a copy of which was not provided to the court, and which we would, for reasons too obvious to mention, hardly find precedential--even if any of the actions alleged in this matter had occurred in Missouri. Additional authority, to wit, a quotation from 20 Am.Jur.2d, and a citation to the 1993 Cumulative Annual Pocket Part for Volume 17A of the "Words and Phrases" publication, are representative of the level of the arguments raised before us. We note that, while appellant Wilkinson appears on the brief pro se, he was apparently once a practicing attorney. We observe in addition that also on that brief is counsel for B-K of Kansas, who is an attorney. Nevertheless, despite the fundamental inadequacy of the appellants' brief, a fact which the appellees argue is sufficient in itself to dispose of this matter, we will address the merits of the appellants' claims, to the extent we can discern them.
 
 
 4
 Appellants first argue that the district court applied the "wrong species" of common law fraud in its ruling dismissing Appellants' fraud counterclaim, in light of the circumstances of this case. Apparently, Appellants argue that the district court erred in not finding that there had been constructive fraud on the part of Burger King. The argument consists primarily of a re-hashing of factual allegations apparently alleging that Burger King breached a fiduciary duty between itself and Appellants, the existence of which duty is simply declared on the authority of the Missouri Law Review article. In granting summary judgment, the district court found that Appellants had totally failed to controvert nineteen of Burger King's thirty-four factual contentions contained in its motion for summary judgment, had contested twelve of those factual contentions without citing any support, and had provided evidentiary support for their controversion of only three of those contentions. Of those latter three, the district court found the disputed facts immaterial to the fraud counterclaim. Burger King Corp. v. B-K of Kansas, Inc., No. 86-2294-V, 1991 U.S. Dist. LEXIS 4397 at * 8-9 (D. Kans. March 21, 1987). After reviewing the district court's order and the briefs of the parties, we find no error in the district court's granting of summary judgment on the fraud counterclaim.
 
 
 5
 Appellants next argue that the district court erred in not finding that Burger King had made an intentional misrepresentation of a material fact at a May 1980 meeting between Burger King and the appellants. Again, Appellants cite no authority other than the law review article, preferring instead to rely solely on unsubstantiated allegations. As this argument is part of the appellants' claim of fraud, it falls within the district court's finding that there were no material questions of fact remaining to be resolved, and reveals no error in the district court's grant of summary judgment on that claim.
 
 
 6
 Appellants' next claim of error is that the district court erred in considering an arbitration award arising from an arbitration hearing held in 1984, without considering the transcript of the arbitration proceedings. As a result of that arbitration, the arbitrators found that Burger King had properly terminated the franchise agreements at issue in this case. The results of that arbitration were upheld in the Florida state courts. There is no indication in the district court's March 21, 1991 order that the district court gave any consideration at all to that arbitration, and Appellants have not indicated exactly what it is to which they refer. To the extent that Appellants' claim might possibly rest on the question whether their fraud claim was precluded on the grounds of res judicata or collateral estoppel by the prior arbitration, we note that the district court did not rely on either of those doctrines. Rather, that court simply found no genuine issue of material fact. We perceive no error.
 
 
 7
 Appellants' fourth claim of error is that the district court abused its discretion in not granting Appellants an extension of time to respond to the motions for summary judgment in light of Burger King's alleged failure to file transcripts of certain depositions with the court. Again, Appellants have failed to provide even one citation to the record or to supporting authority. The district court found that Appellants had in fact used the transcripts in preparing their response to the motion for summary judgment, and that there was no merit to Appellants' allegations of violations of local and federal rules. We find no error.
 
 
 8
 Appellants argue that the district court erred in not allowing Appellants to present their claim for recoupment. This "argument" consists of a quotation from Am.Jur.2d on the right of recoupment, followed by conclusory allegations that Appellants had established their right to that remedy. Our review of the district court's March 21, 1991 order reveals not the slightest reference to this claim, and we are unable to determine to what this claim refers. Accordingly, this claim of error is denied.
 
 
 9
 Appellants' next argument is that the district court erred in dismissing their counterclaim based on the Sherman Antitrust Act, and appears to refer to the district court's Order of November 17, 1987. There, the district court dismissed the antitrust claims for failure of Appellants to respond to Burger King's motion to dismiss that counterclaim. The court noted that nearly five months after Burger King filed the motion to dismiss, Appellants asked the court to excuse their failure to respond, but presented no arguments against dismissal. Order of November 17, 1987, Case No. 86-2204-S, slip op. at 2. On appeal, Appellants argue that they "had a good Section 1 and 2 violation of the Sherman Act," and that the district court erred in dismissing the counterclaim. We find no error.
 
 
 10
 Finally, Appellants argue that the district court erred in dismissing their civil RICO claims against Burger King and Counterclaim-Defendants/Appellees Sutton's, Inc. Once again, Appellants fail to indicate to which district court ruling they refer, but this claim appears to refer to the district court's order of September 26, 1986, in which the court granted those Defendants' motion to dismiss. Appellants argue that the district court erred in requiring Appellants to show more than one scheme to satisfy the "pattern" element of RICO. Appellants argue that the Supreme Court, in H.J. Heinz v. Northwestern Bell Tel. Co., 492 U.S. 229 (1989), "re-interpreted the law of CIVIL RICO," Appellants' Br. at 35, and urge us to reverse the district court's dismissal of this claim "because [Appellants] believe the facts are such that a good and viable CIVIL RICO claim could be stated without much difficulty." Id. We note that Appellants do not argue that they stated such a claim, but rather that such a claim could be stated. In reviewing the district court's dismissal of the claim, this court will not attempt to construct a claim for Appellants. There were several available reasons for the district court's dismissal of the RICO claim against the Counterclaim-Defendants. See Burger King Corp., No. 86-2294-S, 1987 U.S. Dist. LEXIS at * 13 (noting that RICO claim against Sutton's was an entirely separate claim, improperly joined under Bankr.R. 7014 and Fed.R.Civ.P. 14(c)). Because Appellants do no more than assert that they have a legitimate RICO claim despite the district court's dismissal, we decline to engage in such speculation. We find no error in the district court's dismissal of Appellants' civil RICO claims.
 
 
 11
 Thus comes to an end our consideration of this twelve-year-long dispute. To summarize, we AFFIRM the district court's grant of Burger King's motions for summary judgment, and we AFFIRM the district court's dismissal of Appellants' antitrust and civil RICO claims. We observe that we remanded a related case, number 91-3123 (Bankr.Case No. 85-20111), to the Bankruptcy Court for further proceedings. See Burger King Corp. v. Wilkinson, 961 F.2d 221 (table), 1992 U.S.App. LEXIS 8247 (10th Cir. Apr. 16, 1992). We express our hope that any appeals arising out of that case will demonstrate both parties' appreciation of this court's rules regarding briefs and certification of the record on appeal, as well as a healthy appreciation for the constraints on this court's time. See generally Fed. R.App. P. 28 & 30; 10th Cir. R. 28.1, 28.2, 30.1-30.3. See also Fed. R.App. P. 38; 28 U.S.C.1927; Braley v. Campbell, 832 F.2d 1504, 1507-12 (10th Cir.1987) (en banc) (holding that Rule 38 and 1927 authorize this court to impose costs against an attorney personally for conduct that manifests either intentional or reckless disregard of the attorney's duties to the court).
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470