968 F.2d 22
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, ex rel. The CITIZEN BAND
POTAWATOMI INDIAN TRIBE OF OKLAHOMA, a federally
recognized Indian Tribe, for itself and
on behalf of the United
States, Plaintiff-Appellee,
v.
ENTERPRISE MANAGEMENT CONSULTANTS, INC., an Oklahoma
corporation; Leroy J. Wheeler, Defendants-Appellants.
 Nos. 90-6363, 90-6365, 90-6366 and 90-6369.
 United States Court of Appeals, Tenth Circuit.
 June 26, 1992.
 
 1
 Before STEPHEN H. ANDERSON and BALDOCK, Circuit Judges, and CONWAY,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 JOHN E. CONWAY, District Judge, Sitting by Designation.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 5
 Defendants Enterprise Management Consultants, Inc. and Leroy J. Wheeler appeal from several nonfinal orders and judgments.[1] The dispositive issues are whether the district court abused its discretion in entering judgment against Enterprise for failing to file a timely response to Plaintiff's motion for summary judgment, and whether it abused its discretion by granting Plaintiff's motion to compel Wheeler to respond to discovery. We affirm in part, reverse in part, and remand for further proceedings. We grant Plaintiff's request for sanctions against Wheeler for bringing his appeal and deny the remaining requests for sanctions.
 
 
 6
 In 1982, Plaintiff The Citizen Band Potawatomi Indian Tribe of Oklahoma entered into a business lease with Enterprise[2] under which Plaintiff leased a portion of tribal land to Enterprise to conduct a bingo game, and Enterprise subleased the land back to Plaintiff. Under a management agreement entered into at the same time, Plaintiff was entitled to a certain percentage of the monthly bingo proceeds. In 1985, Plaintiff and Enterprise entered into a second management agreement providing Plaintiff a flat per-person fee from the bingo games.
 
 
 7
 Plaintiff commenced this action against Enterprise to have the 1982 and 1985 management agreements declared null and void under 25 U.S.C. § 81,[3] to have the business lease declared terminated, and for a money judgment. It later added Caldwell and Wheeler as Defendants. The court ordered Enterprise to submit the 1985 management agreement to the Bureau of Indian Affairs for approval.[4] The Bureau refused to approve the agreement. The court then declared the 1982 and 1985 management agreements null and void because they were not approved in accordance with § 81.
 
 
 8
 On January 8, 1990, Wheeler gave notice that he had petitioned for bankruptcy and obtained an automatic stay. Enterprise designated Wheeler as its agent under Fed.R.Civ.P. 30(b)(6) to respond to discovery requests. At his deposition Wheeler refused to respond to certain questions or to produce certain documents, claiming the discovery would violate the automatic stay. The district court granted Plaintiff's motion to compel Wheeler to respond and for an award of expenses. It later entered judgment against Wheeler as a discovery sanction.
 
 
 9
 On April 24, 1990, Plaintiff moved for summary judgment against Enterprise. Enterprise filed a Chapter 11 petition in bankruptcy on May 10, 1990. On June 4, 1990, the district court granted Plaintiff's motion for summary judgment on the ground that because Enterprise had not responded within the response time prescribed by W.D.Okla.R. 14(A), the motion was deemed confessed. On October 15, 1990, after Enterprise's bankruptcy petition was dismissed, the court entered judgment against Enterprise.[5]
 
 
 10
 Defendants contend that the district court abused its discretion by granting Plaintiff's motion for summary judgment as to Enterprise due to Enterprise's failure to file a timely response as required by Rule 14(A).[6] Enterprise filed its bankruptcy petition one day beyond the fifteen-day limit of Rule 14(A) for responding to the motion. Pursuant to 11 U.S.C. § 108(b), if the time to file the response had not expired before the filing of the bankruptcy petition, the response would have been due within sixty days of the order for relief. Enterprise filed its response on July 9, 1990, sixty days after the filing of its bankruptcy petition.
 
 
 11
 Defendants argue that the time to respond to the motion for summary judgment had not yet expired on May 10, 1990, because Fed.R.Civ.P. 6(e) provided an extra three days to respond due to the fact that the motion was served by mail. Rule 6(e) adds an extra three days to a response time when a party is required to act within a prescribed time after service of a paper on the party by mail, but Rule 14(A) requires filing and service of a response to a motion within fifteen days of the filing of the motion. Defendants contend, however, that Rule 14(A) should be interpreted to require a response to be filed within fifteen days of service of the motion. Under such an interpretation, the response would not have been due until May 12, Enterprise's May 10 bankruptcy petition would have been filed before the expiration of the response time, and § 108(b) would have extended that response time by sixty days.
 
 
 12
 We need not decide whether Defendants' construction of Rule 14(A) should be adopted. Even if Enterprise's response was untimely under Rule 14(A), the district court had discretion to entertain the motion on its merits. Meade v. Grubbs, 841 F.2d 1512, 1520 n. 5 (10th Cir.1988). We review the district court's order for abuse of discretion. Hancock v. City of Oklahoma City, 857 F.2d 1394, 1395 (10th Cir.1988). Three factors are relevant to determining the appropriateness of sanctioning a party for failing to respond to a motion within the Rule 14(A) time limit: 1) the degree of actual prejudice to the nondefaulting party; 2) the amount of interference with the judicial process; and 3) the culpability of the litigant. Id. at 1396. "[O]nly when these aggravating factors outweigh[ ] the judicial system's strong predisposition to resolve cases on their merits is outright dismissal with prejudice an appropriate sanction." Id. We are reluctant to affirm a default judgment "on the basis of isolated instances of noncompliance or where the district court's findings did not make specific reference to fault by the parties or intentional conduct by their attorneys, and did not explain why lesser sanctions would be ineffective." Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1465 (10th Cir.1988).
 
 
 13
 The district court apparently believed that Rule 14(A) required it to enter a default judgment upon Enterprise's failure to timely respond to the motion. It did not apply the three factors set forth above, nor did it make specific findings on the question of fault by the parties and intentional conduct by their attorney, or explain why lesser sanctions would be ineffective. We therefore remand this case for the district court to make the appropriate analysis and findings. See id. We express no views on the merits of the summary judgment motion as that is a matter for the district court to decide should it set aside the default judgment. In addition, if the district court sets aside the default judgment, it should consider whether to permit the requested amendment to the answer and counterclaim.
 
 
 14
 The next issue is whether the district court abused its discretion in granting Plaintiff's motion to compel Wheeler to respond to discovery. Plaintiff maintains that we need not reach this issue because the bankruptcy court has issued an order barring Plaintiff from pursuing this judgment against Wheeler. Answer Brief at 18. Wheeler has not refuted this assertion, nor has he explained why we should address his appeal notwithstanding the bankruptcy court order. We therefore do not address the issue.
 
 
 15
 Plaintiff requested in its brief that we impose sanctions for pursuing an appeal whose only purpose was to harass or cause unnecessary delay or needlessly increase the cost of litigation. 10th Cir.R. 46.5. Defendants had an opportunity to respond in their reply brief and their supplemental brief. See Braley v. Campbell, 832 F.2d 1504, 1514-15 (10th Cir.1987). We agree that Wheeler's appeal had no apparent purpose. Plaintiff made no showing why counsel should be held personally responsible for pursuing the appeal, however. We grant the motion for an award of attorney's fees and the reasonable expenses incurred by Plaintiff in responding to Wheeler's appeal, to be imposed against Wheeler. Enterprise's appeal is not frivolous as it merited a remand for further proceedings. See Romero v. Peterson, 930 F.2d 1502, 1507-08 (10th Cir.1991).
 
 
 16
 We find Defendants' request that sanctions be imposed against Plaintiff's counsel to be without merit.
 
 
 17
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED in part, REVERSED in part, and the matter is REMANDED for further proceedings, including a determination of the amount of attorney's fees and costs Plaintiff incurred as a consequence of Wheeler's appeal.
 
 
 
 *
 Honorable John E. Conway, District Judge, United States District Court for the District of New Mexico, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Because a final judgment has been entered, we recognize jurisdiction, Lewis v. B.F. Goodrich Co., 850 F.2d 641, 645 (10th Cir.1988), and deny Plaintiff's motion to dismiss these appeals
 
 
 [2]
 Defendant Wheeler and John Clark Caldwell III were the principal owners and officers of Enterprise
 
 
 [3]
 This section provides generally that all agreements made with an Indian tribe must be approved by the Secretary of the Interior and the Commissioner of Indian Affairs
 
 
 [4]
 The Bureau had previously approved the business lease and sublease. The materials submitted to this court do not indicate why the district court did not order the 1982 management agreement submitted to the Bureau
 
 
 [5]
 It appears that the district court improperly entered the June 4 order granting summary judgment because a bankruptcy stay was in effect at the time. That order is therefore void. However, we construe the October 15 judgment as having granted the motion for summary judgment in the first instance, thereby curing any defect in the entry of the June 4 order
 
 
 [6]
 This rule provides that "[e]ach party opposing [a] motion ... shall, within fifteen (15) days after the same is filed, file with the Clerk and serve upon all other parties a response which shall be supported by a concise brief. Any motion ... which is not opposed within fifteen (15) days, as set out above, shall be deemed confessed."