977 F.2d 596
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re Carrol Richard OLSON, Debtor-Appellant,
v.
NINTH DISTRICT PRODUCTION CREDIT ASSOCIATION, Plaintiff-Appellee.
David C. Seitter, Trustee.
 No. 91-3229.
 United States Court of Appeals, Tenth Circuit.
 Sept. 30, 1992.
 
 Before LOGAN, Circuit Judge, BARRETT, Senior Circuit Judge, and EBEL, Circuit Judge.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 This is an appeal from the district court's order denying reconsideration of a minute order of February 27, 1991, which dismissed an appeal from the bankruptcy court for failure to comply with time limitations in designating the record. Because we find that the district court properly exercised its discretion, we affirm.
 
 
 3
 In the instant case, the appellant filed a notice of appeal on December 11, 1990 from a U.S. Bankruptcy Court order which granted relief from stay to the respondents. According to Rule 710(5) of the Bankruptcy Rules for the District of Kansas, which incorporates Bankruptcy Rule 8006, the appellant was required to file the "designation of items to be included in the record on appeal" and a "statement of issues on appeal" within ten days. Over two months later, on February 22, 1991, still not having received the necessary documents, the United States District Court for the District of Kansas dismissed the appeal by minute order.
 
 
 4
 On March 7, 1991, the appellant filed the motion currently on appeal which, under the deferential pleading rules applied to pro se defendants, was properly characterized by the district court as a motion for reconsideration. Fed.R.Civ.P. 59. The appellant claimed that he failed to comply with the time limitations because he had been hospitalized. However, the appellant failed to corroborate this excuse, and the district court denied the motion.
 
 
 5
 We review the district court's decision to grant or deny a motion for reconsideration under an abuse of discretion standard. See Hancock v. City of Oklahoma City, 857 F.2d 1394, 1395 (10th Cir.1988). We find that it was a proper exercise of the district court's discretion to enforce the rules and procedures establishing time limits for filings and to refuse to grant the motion for reconsideration based on unsupported allegations. Accordingly, the opinion of the district court for the District of Kansas is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3