FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,

v.

Harry W. GANTENBEIN and Gantenbein & Frasier, a Kansas Partnership, Defendants.

Civ. A. No. 90–2303–V.

United States District Court, D. Kansas.

Dec. 3, 1992.

Lawrence D. Greenbaum, Gregory S. Brown, Charles A. Getto, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, for plaintiff.

James Borthwick, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, MO, Michael Kuckelman, Blackwell, Sanders, Matheny, Weary & Lombardi, Overland Park, KS, for defendant Harry W. Gantenbein.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This is a legal malpractice action filed by plaintiff Federal Deposit Insurance Corporation ("FDIC") as successor in interest to First Federal Savings and Loan Association of Beloit, Kansas ("First Federal") against defendant Harry Gantenbein and his law partnership, Gantenbein & Frasier, arising from Gantenbein's representation of First Federal. By Memorandum and Order dated September 30, 1992 (Doc. 101), 1992 WL 279772, this court ruled on the parties' cross motions for summary judgment related to the affirmative defenses asserted by the defendant. Plaintiff now moves the court (Doc. 103) to reconsider the portion of the Memorandum and Order in which it denied summary judgment to the FDIC on the issue of whether the contributory negligence of First Federal, as imputed to the FDIC, bars recovery on plaintiff's claims for ordinary negligence. Defendant has responded (Doc. 104) and opposes the motion. The motion is denied.

Whether to grant or deny a motion for reconsideration is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir.1988). Courts have recognized three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Estate of Pidcock v. Sunnyland America, Inc.*, 726 F.Supp. 1322, 1333 (S.D.Ga.1989); *see Major v. Benton*, 647 F.2d 110, 112 (10th Cir.1981).

In its motion for reconsideration, the FDIC contends that the court erred in holding that contributory negligence of First Federal may act as a bar to recovery in an action for legal malpractice brought by the FDIC as successor in interest to First Federal. The court held that the FDIC, in its capacity of assignee of First Federal's legal malpractice against the defendants, takes the claims subject to a contributory negligence defense the defendants may have had against First Federal. In its motion to reconsider, plaintiff FDIC contends the recent Ninth Circuit decision in *FDIC v. O'Melveny & Meyers*, 969 F.2d 744 (9th Cir.1992), which was followed by *FSLIC v. McGinnis, Juban, Bevan, Mullins & Patterson, P.C.*, 808 F.Supp. 1263 (M.D.La. 1992), is contrary to this court's holding, and that based on the *O'Melveny* and *McGinnis* decisions, this Court should reconsider its earlier decision on the contributory negligence issue.

The court finds the two cases cited by plaintiff FDIC inapposite to the present case. Neither *O'Melveny* nor *McGinnis* discusses contributory negligence as a defense. Rather, these decisions concern whether, under the equitable doctrine known as "unclean hands," fraud by financial institution officers could be imputed to the FDIC or FSLIC and estop the federal agency from bringing legal malpractice claims against attorneys for the institution. *O'Melveny*, 969 F.2d at 751; *McGinnis*, slip op. at 24.[1] However, in a recent opinion by Judge Belot of the District of Kansas, the rationale of the *O'Melveny* decision was extended to foreclose a contributory negligence defense against the FDIC in any capacity. *Comeau v. Rupp*, 810 F.Supp. 1127, 1142–1143 (D.Kan.1992).[2]

---

**1.** In *O'Melveny*, the Ninth Circuit reversed a trial court's grant of summary judgment for a law firm defendant. The court held that inequitable conduct of savings and loan officers, even if attributable to the institution, was not to be imputed to the FDIC so as to preclude a legal malpractice action under the doctrine of "unclean hands." 969 F.2d at 752. The Ninth Circuit stated that principles of equity led the court to conclude that the equitable defense did not carry over against the institution's receiver. *Id.* at 751. The basis for the court's holding was that the FDIC, as an involuntary successor in interest, did not stand precisely in the shoes of the failed institution. *Id.* at 751–52.

**2.** The most recent ruling in *Comeau v. Rupp* appears to be a change in position from a prior ruling in that case where the court held that "because a corporation can only act through its officers, and because the alleged wrongful acts of the [officers] occurred within the course and scope of their duties as officers, and directors, the [officers'] contributory negligence is imputed to the [bank] and its successor, the FDIC." 762 F.Supp. 1434, 1441 (D.Kan.1991).

Plaintiffs contend, and the *Comeau* court appears to hold, that *O'Melveny* establishes a rule that the FDIC is not to be treated as a regular assignee who stands in the shoes of the failed institution, but is to be accorded special status and is not subject to any imputed defenses, including contributory negligence. Implicit in plaintiff's argument is the proposition that *O'Melveny* establishes a federal common law rule which this court should follow.

■ There has been some confusion among courts as to whether federal common law always governs defenses in suits involving the FDIC, or whether state law may be applied in some situations. In *FDIC v. Clark*, 978 F.2d 1541 (10th Cir. 1992), the Tenth Circuit recently drew a distinction between (1) the situation in *O'Melveny*, where the FDIC, as assignee of investors, sued a law firm for professional negligence, negligent misrepresentation, and breach of fiduciary duty arising from some investments the FDIC had to refund after taking over a failed savings and loan, and (2) the situation in *FDIC v. Ernst & Young*, 967 F.2d 166 (5th Cir.1992), where the FDIC sued an accountant for professional negligence as assignee of a failed institution. In the first situation, where the FDIC is suing on its own behalf, federal law governs the applicability of defenses to it. *Clark*, 978 F.2d at 1549 & 1553 n. 7; *O'Melveny*, 969 F.2d at 747. In the second situation, where the FDIC is suing on behalf of the failed institution, it is treated as any other assignee, and is subject to state law defenses. *Clark*, 978 F.2d at 1549 & 1553 n. 7; *Ernst & Young*, 967 F.2d at 170 (following *Cherry, Bekaert & Holland*, 742 F.Supp. 612 (M.D.Fla.1990)).

■ In the present case, the FDIC is suing as successor in interest and assignee of First Federal. It is bringing claims for professional negligence and breach of fiduciary duty against First Federal's former attorney and his law firm arising from the attorney's representation of the institution which allegedly contributed to First Federal's losses. This court previously held that under the Kansas law of assignments, assignees are subject to the same defenses applicable against their assignors. Therefore, the Kansas law of assignments and the law of contributory negligence was deemed applicable to the plaintiff FDIC.

Prior to the recent *Comeau* decision, other federal district courts considering the applicability of the contributory or comparative negligence defenses to the FDIC had subjected the federal agency to these defenses based on the law of assignments. *See Cherry, Bekaert & Holland*, 742 F.Supp. 612, 615 (M.D.Fla.1990); *see also Federal Deposit Ins. Corp. v. Ernst & Young*, Civ.A. No. 3–90–0490–H, 1991 WL 197111 (N.D.Tex. Sept. 30, 1991); *Comeau v. Rupp*, 762 F.Supp. 1434, 1440 (D.Kan. 1991) (Memorandum and Order preceding the October 29, 1992 decision). There is no federal statute establishing whether or not the contributory negligence of a failed institution's directors and officers can be imputed to the FDIC. In *FDIC v. Kansas Bankers Surety Co.*, 963 F.2d 289, 293–94 (10th Cir.1992), the court stated that although federal law governs suits brought by the FDIC, courts have the option to utilize federal laws or to draw on the law of the state involved. The Ninth Circuit in *O'Melveny* also recognized that state law may be used to provide a federal rule. 969 F.2d at 751. Thus, the Kansas law of contributory negligence, as well as the law of assignments, provided this court with applicable rules of law.

This court believes it is proper to apply the Kansas law of assignments when the action is premised upon Kansas professional negligence law. The court sees no statutory justification or public policy which requires that the FDIC be treated differently from other assignees on the issue of contributory negligence when the FDIC brings a claim as an assignee of a defunct institution. *See Ernst & Young*, 967 F.2d 166, 170–71 (5th Cir.1992).

Moreover, it appears to this court that the Tenth Circuit would not interpret the *O'Melveny* decision as broadly as plaintiff and the *Comeau* decision suggest. In *FDIC v. Clark*, the Tenth Circuit took note of both the *O'Melveny* and *McGinnis* decisions, yet held that a trial court properly

**596**

instructed the jury that "if [a bank] employee was acting within the scope of his authority then his fault would be attributed to the FDIC, standing in the shoes of the bank. If the employee was not so acting, then no negligence or fault would be attributed." *FDIC v. Clark*, 978 F.2d at 1550 (10th Cir.1992). The *Clark* court cited *O'Melveny* for the proposition that the presence of fraud by bank officers did not cancel the attorney's duty of due care, and noted that the *O'Melveny* court pointed out that there could be no attribution of fault to the bank because the wrongdoers were working to benefit themselves and not the bank. *Id.* at 1549.

 As this court stated in its previous opinion, fraud committed by a corporate officer can only be imputed to a corporation where the officer's conduct was for the benefit of the corporation. Memorandum and Order p. 19. Thus, this court granted partial summary judgment for the FDIC on the issue of whether criminal conduct by First Federal officers could be imputed to the FDIC. To the extent defendants can prove that officers of First Federal committed negligent acts on behalf of the institution, however, defendant will be allowed to assert the defense of contributory negligence at trial. Based on this court's interpretation of the *Clark* decision, which it considers as controlling on the issue of contributory negligence in this case, as well as the lack of any uniform federal common law rule as to the applicability of the contributory negligence defense to the FDIC, the court reaffirms its Memorandum and Order of September 30, 1992.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's motion for reconsideration (Doc. 103) is denied.

Copies of this order shall be mailed to counsel of record for the parties.

IT IS SO ORDERED.