35 F.3d 574
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joe M. HUDGINS, a non-Indian-lessor; R.M. Helton, lessee of
Joe M. Hudgins; Helton Oil Company, an oil and
gas operating partnership consisting of
R.M. Helton and J.R. Helton,
Plaintiffs-Appellants,
v.
Virgil PAULI; Jim Sims, jointly, each as an individual,
Defendants-Appellees.
 No. 94-6097.
 United States Court of Appeals, Tenth Circuit.
 Aug. 17, 1994.
 
 ORDER AND JUDGMENT*
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from an order dismissing plaintiffs' action originally filed in state court and removed by defendants to the United States District Court for the Western District of Oklahoma. Defendants moved to dismiss the action, triggering a local rule requiring a response to the motion to dismiss. Under that rule, a failure to respond can be deemed a confession of the motion. After more than sixty days elapsed, the district court dismissed the action because plaintiffs failed to respond within fifteen days as required.
 
 
 3
 Although invited by the district court to file a motion under Fed.R.Civ.P. 60(b) to set aside the dismissal, plaintiffs failed to do so. Instead, they filed a motion objecting to the removal which had occurred more than two months earlier.
 
 
 4
 Now on appeal, the only issue raised by plaintiffs is not whether the action was providently dismissed but whether removal was proper. Unfortunately, both sides ignore the posture of this case.
 
 
 5
 Whether removal was proper, and it was, is moot and not subject to appeal in this case. The district court's dismissal of the action is reviewable for abuse discretion, Hancock v. City of Oklahoma City, 857 F.2d 1394, 1395 (10th Cir.1988), but that review must be predicated upon the filing of a motion for reconsideration in the district court. Id. Because plaintiffs never asked for reconsideration, the order of dismissal stands unchallenged and final.
 
 
 6
 Under the Constitution, our jurisdiction is based upon the existence of a case and controversy. Norvell v. Sangre de Cristo Dev. Co., 519 F.2d 370, 375 (10th Cir.1975). Where none exists we will not manufacture one. The appeal is DISMISSED for want of jurisdiction. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470