**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 24 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

CANDI PARKER,

      Plaintiff - Appellant,

v.

CENTRAL KANSAS MEDICAL
CENTER; WILLIAM SLATER, M.D.,

      Defendants - Appellees.

No. 02-3099
(D.C. No. 00-CV-2328-CM)
(D. Kansas)

ORDER AND JUDGMENT *

Before **EBEL**, **BALDOCK**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff/appellant Candi Parker appeals from separately-filed summary judgments granted in favor of both defendants/appellees on her state-law claims for medical malpractice and for violation of the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395(dd). Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

## I. Factual and procedural history

The facts are essentially undisputed. Mrs. Parker was admitted to Central Kansas Medical Center ("CKMC") by her treating physician, Dr. Fieser, for treatment of severe injuries suffered in an accident. Dr. Fieser contacted defendant Dr. Slater, a surgeon, who initially agreed to treat Mrs. Parker. Dr. Slater later refused to see Mrs. Parker because she had not been brought down to the emergency room at his request. When asked to reconsider his decision, he refused to treat her unless she turned over to him (instead of Dr. Fieser) her medical records and all responsibility for her care and treatment. Mrs. Parker instead opted to transfer to another hospital by ambulance, where she underwent several surgeries and developed complications. She later sued defendants, claiming that the delay in her treatment necessitated by the transfer and her transfer while she was in an unstable condition contributed to her medical complications.

Mrs. Parker timely identified Dr. Fieser as a witness in her suit. She did not specifically identify Dr. Fieser as an expert witness, however, in subsequent disclosures made pursuant to Federal Rule of Civil Procedure 26(a)(2). After defendants deposed Dr. Fieser and after the close of the discovery period, they each moved for summary judgment, asserting that Mrs. Parker had failed to present expert medical testimony necessary to establish causation. In response to Dr. Slater's motion, Mrs. Parker submitted Dr. Fieser's affidavit,[1] in which, in the last two paragraphs, Dr. Fieser expressed an opinion that Dr. Slater's refusal to see or examine Mrs. Parker after he had agreed to treat her fell below the standard of care and that a delay in treatment led to Mrs. Parker's medical complications.

---

[1] The last three clauses of Dr. Fieser's affidavit state:

22. Mrs. Parker had no other choice than to transfer to Hutchinson Hospital because she was not receiving any care from Central Kansas Medical Center and Dr. Slater left the hospital without providing any care or examination to Mrs. Parker.

23. Dr. Slater's refusal to see or even examine Mrs. Parker fell below the standard of care for our community.

24. It is also my professional belief that the delay in treatment lead to Mrs. Parker's medical complications immediately following her accident and the complications that she continues to have on an ongoing basis.

Aplt. App. at 49.

Defendants each moved to strike the last three paragraphs of Dr. Fieser's affidavit. After denying Mrs. Parker's motion for an extension of time to respond to the motions to strike the affidavit, the district court held that, because she had not been specifically designated as an expert witness, Dr. Fieser could not provide expert testimony regarding causation or treatment beyond the scope of her treatment of Mrs. Parker, and that any conclusions she drew "must fall within the province of a lay witness who has personal knowledge of the situation." *Parker v. Cent. Kan. Med. Ctr.*, 178 F. Supp. 2d 1205, 1210, 1213 (D. Kan. 2001). The court struck the three clauses of the affidavit. The court also denied Mrs. Parker's request that, if the court decided to strike the affidavit, it would also grant Mrs. Parker an additional sixty days in which to obtain an expert opinion. The court concluded that Mrs. Parker had failed to show good cause to extend the scheduling order's deadline for identifying experts. Mrs. Parker does not appeal from that ruling. The court granted Mrs. Parker's motion for an extension of time in which to respond to CKMC's motion for summary judgment.

The district court subsequently granted summary judgment in favor of Dr. Slater. The court concluded that, because (1) Mrs. Parker had to produce expert testimony regarding both the standard of care and causation to support her medical malpractice claim; and (2) Dr. Fieser's affidavit regarding those issues

had been stricken, Mrs. Parker had failed to timely produce expert testimony to support a claim that Dr. Slater was negligent and that his alleged negligence more likely than not caused Mrs. Parker's injuries.     *Id.* at 1214-15.

In its order striking Dr. Fieser's affidavit and granting summary judgment to Dr. Slater, the district court ordered Mrs. Parker to file her response to CKMC's motion for summary judgment within ten days of the filing of the order. The court warned her that failure to do so would result in CKMC's motion being decided and granted as an uncontested motion.     *Id.* at 1216.

Counsel for Mrs. Parker filed her response to CKMC's motion for summary judgment thirteen days after the order was entered on his assumption that Federal Rule of Civil Procedure 6(e) allowed for three days' mailing time to be added to the ten-day period.  Noting that the Tenth Circuit has adopted a plain-meaning rule that precludes application of Rule 6(e) to orders requiring a party to take action within a certain number of days of the order being filed, the district court held that the response was untimely.     *Parker v. Cent. Kan. Med. Ctr.*, No. CIV. A. 00-2328-CM, 2002 WL 398738, at *2 (D. Kan. Feb. 12, 2002). The court observed that granting summary judgment for plaintiff's failure to timely respond rendered "a harsh result," but felt "constrained by" the rules of civil procedure and Tenth Circuit law interpreting Rule 6(e) to strike the untimely response and grant summary judgment as unopposed.     *Id.*

-5-

## II. Analysis

### A. Striking Dr. Fieser's affidavit

We review a district court's exclusion of evidence for an abuse of discretion. In reviewing a court's determination for abuse of discretion, we will not disturb the determination absent a distinct showing it was based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment.

*Cartier v. Jackson*, 59 F.3d 1046, 1048 (10th Cir. 1995); *and see Nielsen v. Moroni Feed Co.*, 162 F.3d 604, 606 n.3 (10th Cir. 1998) (reviewing denial of motion to strike affidavit for abuse of discretion). Because the district court's decision to strike Dr. Fieser's affidavit was based on its interpretation of the federal rules of evidence and Tenth Circuit precedent, we review its interpretation of the law de novo. *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953-54 (10th Cir.) (stating that district court abuses its discretion if its decision is based on an erroneous conclusion of law or would result in fundamental unfairness in the trial of the case, and reviewing de novo whether the district court properly considered and applied four factors in determining whether to strike expert reports for violation of Rule 26(a) disclosure requirements), *cert. denied*, 123 S. Ct. 623 (2002).

The district court held that, under *Davoll v. Webb*, 194 F.3d 1116, 1138-39 (10th Cir. 1999), and *United States v. Anthony*, 944 F.2d 780, 782-83 (10th Cir. 1991), a treating physician who has not been identified as an expert witness

-6-

pursuant to Rule 26(a)(2) "may not provide testimony beyond the scope of her treatment of plaintiff," and that Dr. Fieser's conclusions "must fall within the province of a lay witness." *Parker*, 178 F. Supp. 2d at 1210. The court concluded that Dr. Fieser's opinion as to the standard of care and causation was expert testimony relating to treatment beyond that which was incidental to her personal care and treatment. *Id.* The court struck the testimony because Mrs. Parker failed to disclose the opinions in her Rule 26(a)(2)(B) disclosures.

On appeal, Mrs. Parker argues that the court struck the affidavit because CKMC submitted Dr. Fieser's subsequent affidavit, in which she disavowed any intention to offer an opinion on causation. The district court's order, however, clearly states the basis of the court's ruling, and we reject this argument.

Mrs. Parker alternatively argues that the court's ruling should be reversed because, under *Weese v. Schukman*, 98 F.3d 542 (10th Cir. 1996), a physician testifying only as a lay witness may testify regarding standard of care and causation. *Weese* is distinguishable on its facts. There, the defendant doctor testified as to the standard of care and causation regarding *his* treatment of the plaintiff, "based on his experience . . . [and to aid the jury's] understanding of his decision making process in the situation." *Id.* at 550. By contrast, Dr. Fieser's affidavit related to the standard of care regarding another physician's refusal to treat and to the causation of complications allegedly resulting from delay in

treatment. Dr. Fieser should have been identified as an expert witness and Mrs. Parker should have disclosed that Dr. Fieser would testify as to the standard of care and causation. Instead, Mrs. Parker never identified Dr. Fieser as an expert, and her final witness disclosures stated only that Dr. Fieser would be a witness regarding "[m]edical treatment and future medical treatment and costs." Aplee. Supp. App., Vol. I at 22. Mrs. Parker has failed to demonstrate that the district court erred in striking the affidavit.

### B. Summary judgment in favor of Dr. Slater

Mrs. Parker's arguments supporting her claim that the court erred in granting summary judgment are based on the premise that Dr. Fieser's affidavit was improperly stricken. *See* Aplt. Br. at 9-10. But her one-paragraph argument urging reversal challenges only the judgment in favor of Dr. Slater on the claim for intentional infliction of emotional distress. *See id.* at 10. Without citing to the record or to applicable case law, *see SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir. 1992) (stating that this court will not "sift through" the record to find support for the claimant's arguments), Mrs. Parker baldly asserts that she made a prima facie case for extreme and outrageous conduct as a matter of law, requiring reversal of summary judgment. She addresses neither the district court's ruling granting summary judgment because Mrs. Parker "failed to provide evidence of extreme and severe emotional distress resulting from Dr. Slater's

conditional offer to treat her" nor its conclusion that testimony that Mrs. Parker was "extremely upset" and that nurses attempted to calm her down when she was told of Dr. Slater's condition of treatment was not sufficient as a matter of law. 178 F. Supp. 2d at 1216. Arguing that a court erred "without advancing reasoned argument as to the grounds for the appeal" is insufficient appellate argument, and we reject Mrs. Parker's claim without further discussion. *Am. Airlines v. Christensen*, 967 F.2d 410, 415 n.8 (10th Cir. 1992).

**C. Judgment in favor of CKMC for failure to timely file response**

For the reasons stated in the district court's order of February 12, 2002, we agree that Mrs. Parker's response to CKMC's motion for summary judgment was untimely. The cases cited on appeal by Mrs. Parker regarding application of Federal Rule of Civil Procedure 6(e) are distinguishable because they relate to situations in which a respondent is given time to respond after service of a pleading.

We recently fully analyzed the practice of the Kansas district courts in deeming an uncontested motion for summary judgment as confessed pursuant to local rules and granting the motion without performing either a full summary-judgment analysis required by Federal Rule of Civil Procedure 56(c) or a sanction analysis required by *Meade v. Grubbs*, 841 F.2d 1512 (10th Cir. 1988). *See Reed v. Nellcor Puritan Bennett*, 312 F.3d 1190 (10th Cir. 2002). We held

that, although the court could consider the motion to be uncontested for lack of a timely response, it could not grant summary judgment under Rule 56(c) unless the moving party had met its initial burden of production *and* demonstrated its entitlement to judgment as a matter of law. *Id.* at 1194-95.

Alternatively, we held that, if a court desired to grant summary judgment as a sanction, it must consider those factors set forth in *Meade* and *Hancock v. City of Okla. City*, 857 F.2d 1394, 1396 (10th Cir. 1988). *Id.* at 1195-96. We explained that "[t]he purpose of [Kansas Local] Rule 7.4 is not to impose or authorize a sanction for a party's failure to prosecute or defend . . . [but] to facilitate the trial court's disposition of motions." *Id.* at 1195.

The district court noted that its decision to grant summary judgment on the sole basis that it was uncontested "renders a harsh result," but felt "constrained by the Federal Rules of Civil Procedure and by the law in this Circuit" to do so. *Parker*, 2002 WL 398738, at *2. We hold that the court erred in granting summary judgment on this basis.

CKMC urges as an alternative basis for affirmance of judgment in its favor the fact that its motion was based on the "complete absence of expert medical testimony to establish a causal link between Plaintiff's medical complications and the alleged negligence or EMTALA violations by CKMC." CKMC's Br. at 26. It also cites relevant case law establishing the necessity of expert medical

-10-

testimony on causation issues and notes that the district court has determined that Mrs. Parker has failed to proffer any admissible expert medical testimony on that issue. Mrs. Parker did not respond to these arguments.

While we usually will remand a case in which summary judgment has been erroneously granted on procedural grounds, as mentioned above, the district court denied Mrs. Parker's motion for an extension of time in which to respond to CKMC's motion to strike Dr. Fieser's affidavit. It also denied her requests to reopen discovery and for a sixty-day extension of time in which to find another expert. Mrs. Parker does not challenge these rulings.

The record, therefore, discloses a failure to properly or timely identify a medical expert witness, no expert medical testimony establishing a nexus between CKMC's alleged negligence or the alleged violation of EMTALA and Mrs. Parker's medical complications, and no opportunity to cure the defect, as reopening of discovery has been denied. Such a record would compel a grant of summary judgment in CKMC's favor. *See McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998) (holding that, where nonmoving party bears burden of proof on issue, it must "make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment") (quotation omitted). Since the district court has already granted summary judgment in favor of Dr. Slater on this very ground, remand for further

proceedings would be futile and a waste of judicial resources. *See Ross v. United States Marshal*, 168 F.3d 1190, 1194 n.2 (10th Cir. 1999) (court may affirm the district court's judgment on ground not relied on by the district court if supported by the record, "provided the litigants have had a fair opportunity to develop the record") (quotation omitted).

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge