**PUEBLO OF ZUNI, on behalf of itself and all others similarly situated, Plaintiff,**

v.

**UNITED STATES of America; Tommy Thompson, Secretary of the United States Department of Health and Human Services; and Michael H. Trujillo, Director of the Indian health Service, United States Department of Health and Human Services, Defendants.**

No. 01–1046 LHLFG.

United States District Court, D. New Mexico.

Nov. 14, 2006.

See also 467 F.Supp.2d 1099.

Gary F. Brownell, David C. Mielke, Melanie Baca Osborne, Sonosky, Chambers, Sachse, Endreson & Mielk, Albuquerque, NM, Lloyd Benton Miller, Sonosky, Chambers, Sachse, Miller & Munso, Anchorage, AK, for Plaintiff.

Rachel J. Hines, Sheila M. Lieber, Julia J. Yoo, Washington, DC, Michael H. Hoses, Jan E. Mitchell, Albuquerque, NM, for Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER

JOHNSON, District Judge.

THIS MATTER comes before the Court upon Plaintiff's Motion for Reconsideration of the Court's Memorandum Opinion and Order Granting Defendants' Motion to Dismiss Certain Claims, filed October 25, 2006 (**Doc. 340**). Having considered Plaintiff's arguments (Defendant have not filed a response), the Court finds these arguments to be without merit.

### Background

This case is a five-year old putative class action which seeks damages for the Government's alleged failure to pay the full contract amounts specified in contracts between Indian Tribes ("Tribes") and the Indian Health Service ("IHS") that were awarded under the Indian Self–Determination and Education Assistance Act ("ISDA"), 25 U.S.C. § 450 et seq.

Plaintiff seeks reconsideration of the Court's Memorandum Opinion and Order which was filed on October 11, 2006 (Doc. 330, "Court's Mem. Op. & Order"). In that Order, the Court agreed with Defendants that Plaintiff failed to follow statutorily required procedures for exhaustion, as set out under the Contract Disputes Act, 41 U.S.C. § 605(a), with respect to many of the claims it seeks to raise in this action. As a result, those claims were dismissed for lack of subject matter jurisdiction.

*Legal Standard*

■ In general, there are three grounds for granting a motion to reconsider: 1) if a manifest error of law or fact has been committed by the court; 2) if new evidence has been discovered; and 3) if there has been an intervening change in controlling law. *Servants of the Paraclete, Inc. v. Great American Ins.*, 866 F.Supp. 1560, 1581 (D.N.M.1994); *see also Nat'l Union Fire Ins.Co. of Pittsburgh v. Midland Bancor, Inc.*, 869 F.Supp. 880, 883 (D.Kan.1994). "A motion to reconsider is appropriate when the court has obviously misapprehended a party's position or the facts or applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence." *Benedictine College v. Century Office Products*, 866 F.Supp. 1323, 1326 (D.Kan.1994). The decision whether to grant a motion to reconsider is committed to the sound discretion of the court. *Thompson v. City of Lawrence*, 58 F.3d 1511, 1514–15 (10th Cir.1995) (citing *Hancock v. City of Okla, City*, 857 F.2d 1394, 1395 (10th Cir.1988)).

## Discussion

Plaintiff contends that in concluding that exhaustion is required for all claims arising under contracts authorized by the ISDA, the Court misconstrued the following section of the Indian Self–Determination and Education Assistance Act ("ISDA"), 25 U.S.C. § 450 et seq.,:

(a) The United States district courts shall have original jurisdiction over any civil action or claim against the appropriate Secretary arising under this [Act] and, subject to the provisions of subsection (d) of this section and concurrent with the United States Court of [Feder-

al] Claims, over any civil action or claim against the Secretary for money damages arising under contracts authorized by this [Act]. In an action brought under this paragraph, the district courts may order appropriate relief including money damages, injunctive relief against any action by an officer of the United States or any agency thereof contrary to this [Act] or regulations promulgated thereunder, or mandamus to compel an officer or employee of the United States, or any agency thereof, to perform a duty provided under this [Act] or regulations promulgated hereunder . . . .

25 U.S.C. § 450m–1(a).

■ The Court acknowledges that "federal statutes are to be construed liberally in favor of Native Americans, with ambiguous provisions interpreted to their benefit." *Ramah Navajo Chapter v. Lujan*, 112 F.3d 1455, 1461 (10th Cir.1997) (citing *EEOC v. Cherokee Nation*, 871 F.2d 937, 939 (10th Cir.1989)). However, a favorable interpretation does not mean adding a gloss to the provision which is not supported by the clear statutory language, or by case law.

For example, Plaintiff argues that the first and second phrases of the first sentence of this subsection authorizes a district court to exercise two different kinds of jurisdiction over various claims, with the second phrase allowing tribal contractors to bypass the exhaustion requirements of the Contract Disputes Act.[1] The Court has already considered this argument and concluded that the type of claims raised by Plaintiff—requesting money damages under ISDA contracts—brings it squarely within the mandate set out in § 450m–1(d) which states that the Contract Disputes

---

1. The Contract Disputes Act provides a mandatory administrative exhaustion scheme applicable to contract disputes between govern-

ment contractors and the United States. *See* Court's Mem. Op. & Order at 5.

Act "shall apply to self-determination contracts." *See,* Mem. Op. & Order at 14–15.

■ Plaintiff reads two categories of claims into § 450m–1(a): "statutory" claims and "contract" claims, but provides no case law which supports that specific argument. Under Plaintiff's interesting reading of § 450m–1(a), a tribal contractor would be able to completely avoid exhaustion under the Contract Disputes Act(d) by framing its claim as "statutory" rather than "contract," thereby mooting § 450m–1(d).

A good part of Plaintiff's brief is devoted to the generic law on statutory interpretation. Plaintiff has not presented any argument which would convince the Court that it has misapprehended the law applicable to the issues presented by Plaintiff in its response to Defendants' motion to dismiss. Therefore, the Court declines to reconsider its previous ruling, and Plaintiff's Motion for Reconsideration (**Doc. 340**) is hereby DENIED.

**IT IS SO ORDERED.**