**Evelyn HANCOCK, Plaintiff–Appellant,**

v.

**CITY OF OKLAHOMA CITY, a Municipal Corporation, Defendant–Appellee.**

No. 87–1232.

United States Court of Appeals, Tenth Circuit.

Sept. 23, 1988.

Mary Ellen Lee (Ben A. Goff and Marilyn D. Barringer of Ben A. Goff, P.C., with her on the brief), Oklahoma City, Okl., for plaintiff-appellant.

John M. Jacobsen, Asst. Mun. Counselor (Robert D. Allen, Mun. Counselor, and Diane Davis Huckins, Asst. Mun. Counselor, with him on the brief), Oklahoma City, Okl., for defendant-appellee.

Before SEYMOUR, BRORBY and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

Evelyn Hancock, a former employee of the City of Oklahoma City, brought suit against the City in the United States District Court for the Western District of Oklahoma, seeking relief under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e to 2000e–17 (1982), and also setting forth a pendant state claim based on Oklahoma's Workers' Compensation Law authorizing actions for wrongful retaliatory discharge. The City filed an answer and the case was set on a trial calendar.

By agreement of the parties, and the district court, December 22, 1986, was the deadline for filing all motions, motions *in limine*, proposed *voir dire*, requested jury instructions, and the like. By that date Hancock filed proposed *voir dire*, requested jury instructions, a trial brief, and proposed findings and conclusions in connection with her Title VII claims. On December 22, 1986, the City filed a motion *in limine*, proposed *voir dire*, requested jury instructions, motion to bifurcate AND a motion for summary judgment with a supporting brief.

On December 24, 1986, copies of all documents filed by the City with the court on December 22, 1986, were received in the law offices of Hancock's counsel. Apparently there was no cover letter listing the documents thus filed with the district court, nor had counsel for the City otherwise advised Hancock's counsel that a motion for summary judgment had been filed. Through mistake or oversight, the motion for summary judgment was not spotted by Hancock's counsel, or employees in that office. And therein lies the root of our problem.

Local Court Rule 14(A) of the United States District Court for the Western District of Oklahoma provides that any motion not opposed within 15 days "shall be deemed confessed." Local Rule 14(B) concerns summary judgment motions specifically, and the form of the supporting briefs and briefs in opposition thereto, and concludes by stating that material facts set forth in the statement of the movant shall be deemed admitted for the purposes of summary judgment "unless specifically controverted by the statement of the opposing party."

Not having noticed that the City had filed a motion for summary judgment, counsel for Hancock did not file a brief in opposition to the City's motion for summary judgment within 15 days. Accordingly, on January 14, 1987, the district court entered a minute order granting the City's motion for summary judgment for the reason that Hancock had failed to respond to the summary judgment motion "within the time and in the manner allowed by local court rule" and that in such circumstances the City's motion was "deemed to be confessed."

On January 20, 1987, Hancock, under Fed.R.Civ.P. 60(b), filed a motion to reconsider the district court's order of January 14, 1987, alleging, *inter alia*, that counsel had just discovered that "at the bottom of the one and one-half inch stack of materials received by counsel on December 24, 1986, was a motion for summary judgment" which had previously been overlooked.

On January 22, 1987, the district court entered formal summary judgment in favor of the City. On January 29, 1987, a hearing was held in connection with Hancock's motion to reconsider. At the conclusion of that hearing, the district court denied the motion to reconsider, concluding that counsel had a duty "to look through stuff that they receive" (the documents received by counsel on December 24, 1986), and the failure of counsel to spot the summary judgment did not constitute excusable neglect. On February 2, 1987, the district court entered a formal order denying Hancock's motion to reconsider, and this appeal followed. We reverse and remand.

The parties agree that our standard of review is the "abuse of discretion" yardstick. Based on all the facts and circumstances before the district judge, did he err in denying Hancock's motion for reconsideration? We conclude that he did.

In support of our resolution of this appeal is *Meade v. Grubbs*, 841 F.2d 1512 (10th Cir.1988), and the cases cited therein.

Indeed, the present case is quite similar to, if not an exact duplicate, of *Meade.*

In *Meade,* the same judge as the one in the instant case dismissed a civil rights claim because a *pro se* plaintiff had failed to respond, as required by local rule, to the defendant's motion to dismiss under Fed.R. Civ.P. 12(b)(6).[1] On appeal, we reversed. In so doing, we held that the same local rules with which we are here concerned afforded discretion to the district judge where a response was not filed to an opposing party's motion. We then concluded that the judge in *Meade* abused that discretion. In reversing, we observed that a dismissal for violation of the local rule was a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice. We also stated that in our review of a district court's dismissal, based on failure to respond to the opposing parties' motion, we focused on three aggravating factors: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant, and that only when these aggravating factors outweighed the judicial system's strong predisposition to resolve cases on their merits is outright dismissal with prejudice an appropriate sanction. In general accord with *Meade, see Toma v. City of Weatherford,* 846 F.2d 58 (10th Cir.1988); *Woodmore v. Git–N–Go,* 790 F.2d 1497 (10th Cir.1986); and *Hollis v. United States,* 744 F.2d 1430 (10th Cir. 1984).

Applying the rationale of *Meade* to the instant case, Hancock was not herself guilty of any dereliction. A "mistake" was made in her attorney's office in overlooking the motion for summary judgment, a mistake that could occur in any office, no matter how well run. Counsel's mistake was but a single incident, completely unintentional and not contumacious in nature.

Further, when the mistake was discovered, counsel acted promptly. The City would not have been prejudiced, at that time at least, in any legal or equitable sense, by allowing Hancock to file a brief in opposition and having the motion resolved on its merits. Any inconvenience to the trial court, either in terms of delay or its ability to decide the motion, was not so severe a burden as to justify dismissal. Based on our evaluation of the foregoing factors and circumstances, we conclude that the district judge abused his discretion in using his ultimate weapon, i.e., disposing with finality Hancock's claim of job discrimination. Such, in our view, was overkill.

By way of an alternative position, counsel for the City suggests in its answer brief that this court could itself rule on the motion for summary judgment, and that in connection therewith, *we* should enter summary judgment for the City on the merits. Counsel for Hancock in her reply brief appears to join in this procedural request, although arguing, of course, that we deny the motion.[2] For obvious reasons, we decline this suggestion.

Judgment reversed and case remanded with directions that the district court vacate its order of January 22, 1987, wherein it entered summary judgment for the City, vacate its minute order of January 14, 1987, granting the City's motion for summary judgment, vacate its order of February 2, 1987, denying Hancock's motion for reconsideration, enter an order granting Hancock's motion for reconsideration, and then grant Hancock time within which to file a brief in opposition to the City's motion for summary judgment.

---

1. The *pro se* plaintiff at the last minute retained counsel who was denied additional time to respond to the 12(b)(6) motion, but was present at the hearing when the district judge dismissed the action with prejudice for failing to file a response to the 12(b)(6) motion as required by local rule.

2. Although Hancock has not filed a brief in opposition to the City's motion for summary judgment, counsel in her reply brief in this court attempts to "argue the facts."