**Herbert L. MILLER,**
**Plaintiff–Appellant,**

v.

**DEPARTMENT OF the TREASURY,**
**and James A. Baker, III, Secretary,**
**Defendants–Appellees.**

No. 90–5240.

United States Court of Appeals,
Tenth Circuit.

June 3, 1991.

Herbert L. Miller, pro se.

Tony M. Graham, U.S. Atty., and Kathleen Bliss Adams, Asst. U.S. Atty., Tulsa, Okl., on the brief, for defendants-appellees.

Before ANDERSON, TACHA and BRORBY, Circuit Judges.

TACHA, Circuit Judge.

Plaintiff-appellant Herbert Miller, appearing pro se, filed several lawsuits against his former employer, defendant-appellee United States Department of Treasury (the government), alleging race, age, and sex discrimination.[1] Miller also made claims for unfair union representation; unfair pay; arbitrary, capricious, and unreasonable decisions of the Merit Systems Protection Board and the Equal Employment Opportunity Commission; and arbitrary, capricious, and unreasonable procedures used by the Board and the Commission. These cases were eventually consolidated.

The government filed its motion for summary judgment on June 29, 1990, arguing it had good cause for firing Miller. Miller did not file a response to this motion. The magistrate recommended the motion for summary judgment be granted. He relied solely on Local Rule 15(A) of the United States District Court for the Northern District of Oklahoma (Rule 15(A)), which states a party confesses all matters raised

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

by a pleading to which he does not respond within fifteen days.

Miller claims he failed to file a response to the summary judgment motion within fifteen days because he did not receive a copy of the motion. The record indicates the government mailed the motion to Miller at the address listed on the docket sheet. Two days before this motion was filed, however, Miller was incarcerated at the El Reno Correctional Facility. Miller admits he did not directly inform the court or the government of his incarceration, although he claims they had constructive notice of this fact. On September 5, 1990, Miller filed a motion to stay the proceedings until his release from imprisonment. On September 24, the district court denied Miller's motion, adopted the magistrate's report, and granted summary judgment in the government's favor. Miller timely appealed this decision.

This case is similar to the situation addressed in *Hancock v. City of Oklahoma*, 857 F.2d 1394 (10th Cir.1988). In *Hancock*, the defendant filed numerous trial documents on the last day for filing motions prior to trial. Included in these documents was a motion for summary judgment. Plaintiff's counsel did not spot this motion and thus did not file a response. The district court granted summary judgment for the defendant, relying on Local Rule 14(A) of the United States District Court for the Western District of Oklahoma (Rule 14(A)), which provides that any motion not opposed within fifteen days "shall be deemed confessed." *Id.* at 1395.

This court reversed, concluding the district court abused its discretion in granting summary judgment on this basis. We focused on three considerations in determining whether the dismissal for failure to file a responsive pleading was improper: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant. *Id.* at 1396. We noted that "only when these aggravating factors outweighed the judicial system's strong predisposition to resolve cases on their merits is outright dismissal with prejudice an ap-

propriate sanction." *Id.* (citing *Meade v. Grubbs*, 841 F.2d 1512 (10th Cir.1988)). This court concluded the district court's failure to balance these considerations prior to entering summary judgment based on failure to file a responsive pleading constituted an abuse of discretion.

Unlike Rule 14(A), which gives the district judge the discretion to shorten or lengthen the time in which to respond, Rule 15(A) appears to require the district judge to automatically deem all matters in a pleading admitted if a responsive pleading is not filed within fifteen days. Local Rule 1(E) for the Northern District of Oklahoma, however, states a "judge ... may waive any requirement of these Rules when the administration of justice requires such waiver."

In the present case, the district judge abused this discretion by failing to consider the aforementioned factors before granting summary judgment based on the nonmoving party's failure to file a responsive pleading. The judicial system's strong predisposition for resolving cases on the merits leads us to the conclusion that summary judgment should not have been granted in the government's favor. In the circumstances presented here, Miller's failure to inform the court and the government of his change of address was excusable neglect. The government presented no evidence that it was prejudiced by Miller's failure to comply with Rule 14(A). Any inconvenience to the district court, either in terms of delay or its ability to properly decide the motion, was minimal. Dismissal of an action for failure to file a responsive pleading is a drastic measure that should be applied " 'only where a lesser sanction would not serve the interest of justice.' " *Meade*, 841 F.2d at 1520 (quoting *Cohen v. Carnival Cruise Lines, Inc.*, 782 F.2d 923, 925 (11th Cir.1986)). We therefore REVERSE the district court's grant of summary judgment in the government's favor and REMAND to permit Miller to file a responsive pleading. All pending motions are hereby denied. The mandate shall issue forthwith.