946 F.2d 900
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Betty BROWN, Plaintiff-Appellant,
v.
MESCALERO APACHE TRIBE, dba Inn of the Mountain Gods,
Defendant-Appellee.
 No. 91-2140.
 United States Court of Appeals, Tenth Circuit.
 Oct. 18, 1991.
 
 Before McKAY, Chief Judge, and SEYMOUR and EBEL, Circuit Judges.*
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 This is an appeal from dismissal of an action pursuant to District of New Mexico Local Rules 7.5 and 7.8, and from the denial of relief from that judgement under Federal Rule of Civil Procedure 60.
 
 
 2
 D.N.M.LR-Cv 7.5 permits only ten days to respond to motions. D.N.M.LR-Cv 7.8 equates a failure to respond to a motion within this time period with consent to grant the motion.
 
 
 3
 On April 5, 1991 the Defendant, an Indian tribe, moved to dismiss this personal injury action based on its alleged sovereign immunity. On May 13, 1991, thirteen days after the deadline for response had expired, the Plaintiff had still failed to respond and the court dismissed the complaint.
 
 
 4
 The Plaintiff moved for relief from the dismissal under Fed.R.Civ.P. 60 on the grounds that she never received a copy of the motion, notwithstanding the fact that it was certified as mailed on the date of filing. The court denied her Rule 60 motion, emphasizing that even if the Plaintiff had not received a copy of the motion, she was undoubtedly aware that the motion was filed, and the date on which it was filed, as this information was recited in a pre-trial order which was signed by both parties.
 
 
 5
 The Plaintiff appeals from the dismissal, arguing that the penalty for violation of the local rule, dismissal, is unduly harsh. Additionally, she appeals the district court's denial of her Rule 60 motion on the ground that the denial was an abuse of discretion.
 
 
 6
 The record is insufficient to determine whether, given the circumstances, the local rule mandating dismissal was unduly harsh. However, the district court abused its discretion in both its order of dismissal and its denial of the Plaintiff's Rule 60 motion by failing to apply the test for undue harshness set forth in Miller v. Department of the Treasury, 934 F.2d 1161,1162 (10th Cir.1991) (citing Hancock v. City of Oklahoma City, 857 F.2d 1394, 1396 (10th Cir.1988)).
 
 
 7
 Before dismissing an action for untimely response pursuant to a local rule, a court must weigh three factors against "the judicial system's strong predisposition to resolve cases on their merits...." Miller, 934 F.2d at 1161 (citing Hancock, 857 F.2d at 1396). These three factors are: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant. Id.
 
 
 8
 Although the district court appears to have addressed the third factor, there is no discussion of the first two factors in either the order of dismissal or the denial of Rule 60 relief. Because the court was bound to address all three of these factors, these orders represent an abuse of discretion.
 
 
 9
 Accordingly, we REVERSE the district court's dismissal REMAND for a consideration of whether the three Miller factors are sufficiently weighty to warrant dismissal. The mandate shall issue forthwith.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3