946 F.2d 900
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Nathaniel C. CARLIS, Jr., Plaintiff-Appellant,
v.
SEARS, ROEBUCK & COMPANY, Defendant-Appellee.
 No. 90-5237.
 United States Court of Appeals, Tenth Circuit.
 Oct. 23, 1991.
 
 1
 Before McKAY, Chief Judge, EBEL, Circuit Judge, and SAFFELS,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 DALE E. SAFFELS, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Plaintiff's request for oral argument is therefore denied, and the case is ordered submitted without oral argument.
 
 
 5
 Plaintiff Nathaniel C. Carlis, Jr., initiated this action in the United States District Court for the Northern District of Oklahoma, alleging racial discrimination in employment in violation of 42 U.S.C. § 2000e. Plaintiff had filed a previous lawsuit against defendant in the same court, alleging violation of Oklahoma law's public policy exception to the employment-at-will rule. The first action was dismissed by the district court as preempted by existing federal discrimination statutes. The Title VII claim was subsequently dismissed because of Plaintiff's failure to comply with Local Court Rule 15(a), United States District Court for the Northern District of Oklahoma, and also as res judicata. It is from this latter dismissal that Plaintiff appeals.
 
 
 6
 Local R. 15(a) states that failure to oppose a motion within fifteen days "will constitute a confession of the matters raised by such pleadings." Plaintiff filed his complaint on March 20, 1990. Defendant filed its motion to dismiss on April 6, 1990, with Plaintiff responding on June 14, 1990. In its order of July 2, 1990, dismissing plaintiff's action, the district court states "Plaintiff has not responded to the motion and has not sought an extension to file a response ... and under Local Rule 15, the grounds raised by Defendant in support of its motion are deemed confessed." Appendix to Brief of Appellant at 62. Contrary to the district court's statement, Plaintiff did respond to Defendant's motion. The court further stated that even if Plaintiff had opposed the motion, dismissal as res judicata would be appropriate. Id. We disagree as to both grounds.
 
 
 7
 We review a dismissal for failure to comply with a local rule for an abuse of discretion. Hancock v. City of Oklahoma City, 857 F.2d 1394, 1395 (10th Cir.1988). We have previously set forth three criteria which must be considered in determining whether a dismissal for failure to file a response is appropriate: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant." Miller v. Department of Treasury, 934 F.2d 1161, 1162 (10th Cir.1991) (citing Hancock, 857 F.2d at 1396).
 
 
 8
 The district court's order is void of any indication that the court acknowledged the filing of Plaintiff's response, even though untimely, or that it gave any consideration to the above-stated criteria in determining that Plaintiff's action should be dismissed. A dismissal for a local rule violation is "a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice." Hancock, 857 F.2d at 1396.
 
 
 9
 Plaintiff's action was dismissed less than four months following the filing date of his complaint. Plaintiff filed his responsive pleadings more than two weeks prior to the court's decision to dismiss. Without further elucidation, these facts do not support a conclusion that this case manifests the kind of extreme violation which would warrant the harsh sanction of dismissal. Therefore, we conclude that the district court's dismissal, based upon a violation of local court rules, constitutes an abuse of discretion. See Miller, 934 F.2d at 1162.
 
 
 10
 The district court further stated in its dismissal order that "[e]ven assuming" plaintiff had filed a pleading in opposition to defendant's motion to dismiss, res judicata would prevent plaintiff from "relitigating" his claim. Appendix to Brief of Appellant at 62. Plaintiff's first action, Carlis v. Sears, No. 89-C-184-C, alleged discrimination in employment under Oklahoma law's public policy exception to the employment-at-will rule. See Burk v. K-Mart Corp., 770 P.2d 24, 28 (Okla.1989). On July 2, 1989, the district court dismissed this claim as "preempted by the existence of an administrative and/or judicial remedy, as represented by the federal statutes."[1] Appendix to Brief of Appellant at 64. The district court relied on May v. Parker-Abbott Transfer & Storage, Inc., 899 F.2d 1007, 1009 (10th Cir.1990), and Petromanagement Corp. v. Acme-Thomas Joint Venture, 835 F.2d 1329, 1335-36 (10th Cir.1988), in holding that plaintiff is precluded from "relitigating a claim based upon issues that could have been, but were not, raised in the first action." Appendix to Brief of Appellant at 62.
 
 
 11
 We must determine de novo whether the doctrine of res judicata was correctly applied. May, 899 F.2d at 1009. Under res judicata, a final judgment on the merits of an action bars future litigation of an issue which could have been raised in the earlier action. See Northern Natural Gas Co. v. Grounds, 931 F.2d 678, 681 (10th Cir.1991).
 
 
 12
 The court dismissed Plaintiff's first action concluding that Plaintiff's claim was "preempted" by applicable federal statutes. The court was silent as to whether the dismissal was with or without prejudice. "[I]f there is reason to doubt the quality, extensiveness or fairness of procedures followed in prior litigation, redetermination of the issues is warranted." Morgan v. City of Rawlins, 792 F.2d 975, 979 (10th Cir.1986) (citing Montana v. United States, 440 U.S. 147, 164 n. 11 (1979)).
 
 
 13
 Thus, we determine that the first dismissal of Plaintiff's action was not on the merits as defined by this court as " 'the real or substantial grounds of action or defense as distinguished from matters of practice, procedure, jurisdiction or form.' " Morgan, 792 F.2d at 979 (quoting Clegg v. United States, 112 F.2d 886, 887 (10th Cir.1940)). The Supreme Court has stated:
 
 
 14
 In order that a judgment may constitute a bar to another suit, it must be rendered in a proceeding between the same parties or their privies, and the point of controversy must be the same in both cases, and must be determined on its merits. If the first suit was dismissed for defect of pleadings, or parties, or a misconception of the form of proceeding, or the want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit.
 
 
 15
 Costello v. United States, 365 U.S. 265, 286 (1961) (emphasis added) (quoting Hughes v. United States, 71 U.S. 232, 237 (1866)).
 
 
 16
 We are satisfied that in light of the record in this case, the discrimination issues raised by Plaintiff in his Title VII action were totally absent from the focus of the district court in its first order of dismissal. "[T]he concept of collateral estoppel cannot apply when the party against whom the earlier decision is asserted did not have a 'full and fair opportunity' to litigate that issue in the earlier case." Allen v. McCurry, 449 U.S. 90, 95 (1980) (quoting Montana v. United States, 440 U.S. at 153).[2] We cannot conclude that Plaintiff had a full and fair opportunity to present and litigate his discrimination claim in his first action, nor was the district court's dismissal of that claim on the merits.
 
 
 17
 The judgment of the United States District Court for the District of Northern Oklahoma is REVERSED and REMANDED to the district court for further proceedings in accordance with this order and judgment.
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Plaintiff's appeal of this order, Carlis v. Sears, No. 89-5139, was dismissed by this court on November 7, 1989, for failure to prosecute. Appendix to Brief of Appellant at 18
 
 
 [2]
 The requirement of a "full and fair opportunity" to litigate also applies to res judicata. See Kremer v. Chemical Constr. Corp., 456 U.S. 461, 481 n. 22 (1982)