# UNITED STATES COURT OF APPEALS

<u>Filed 6/28/96</u>TENTH CIRCUIT

SAMUEL GUTIERREZ,

      Plaintiff-Appellant,

v.

DEMING PUBLIC SCHOOLS,

      Defendant-Appellee.

Case No. 95-2277

(D.C. CV 95-915 HB/LCS)
(District of New Mexico)

---

## ORDER AND JUDGMENT[*]

---

Before BRORBY, EBEL, and HENRY, Circuit Judges.

---

Plaintiff-appellant Samuel Gutierrez appeals in forma pauperis from the dismissal of his employment discrimination action against defendant-appellee Deming Public Schools. Mr. Gutierrez alleges that the appellee denied him employment on the basis of his sex and his disability. The issue on appeal is whether the district court erred in dismissing these claims on the ground that Mr. Gutierrez failed to respond to the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appellee's motion to dismiss. We affirm.[1]

Mr. Gutierrez, a sometime substitute teacher in the Deming, New Mexico, school system, filed this action pro se claiming that he was denied employment as a full-time instructional assistant on the basis of his sex and his disability, which he characterized as "Nervous Condition and Panic Disorder." Rec. doc. 1 (Charge of Discrimination). In response, the appellee filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), asserting that Mr. Gutierrez had failed to state a claim of discrimination upon which relief could be granted. A copy of the motion to dismiss was served to Mr. Gutierrez on the date on which it was filed, September 14, 1995. After Mr. Gutierrez failed to respond to the motion, Deming Public Schools moved the court on November 2, 1995, to dismiss pursuant to the applicable Local Rule, which stated that "[a] failure to file a brief . . . in opposition to any motion shall constitute a consent to . . . grant the motion." D.N.M.LR-Civ. 7.8 (1992).[2]

The district court found that the appellee had informed Mr. Gutierrez by letter of the appellee's intent to seek dismissal for failure to respond to the motion dismiss. Rec.

---

[1] After examining the briefs and appellate record, this panel has determined that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

[2] The Rules of the United States District Court for the District of New Mexico were amended effective January 1, 1996. See D.N.M.LR-Civ. (1996). The relevant rule is now Rule 7.5(b), which for the purposes of this case has the same effect as the old Rule 7.8. See D.N.M.LR-Civ. 7.5(b) (1996).
The Federal Rules of Civil Procedure authorize the district courts to make local rules that are consistent with Acts of Congress and the Federal Rules themselves. Fed. R. Civ. P. 83(a)(1).

doc. 7 at 1. Despite this notice, Mr. Gutierrez failed to respond. On November 22, 1995, the district court dismissed the action, holding that Mr. Gutierrez' "extended and unexplained failure to respond to Defendant Deming Public School's Motion to Dismiss, despite specific notice of his failure, constitutes a consent to entry of dismissal of his claims . . . ." Id. at 2.

On appeal, Mr. Gutierrez reiterates his claims of discrimination and asserts that "it wasn't mandatory to reply" to the motion to dismiss. Rec. doc. 8 at 1. Contrary to this assertion, however, a response was required "within ten (10) days after service of the motion." D.N.M.LR-Civ. 7.5 (1992).[3] According to our cases, only when the district court has abused it discretion will we reverse its decision to dismiss an action for failure to respond to a motion to dismiss. See Meade v. Grubbs, 841 F.2d 1512, 1520 n.5, 1522 (10th Cir. 1988). This court has previously identified three criteria to consider in reviewing a dismissal for failure to file a response: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant." Miller v. Department of Treasury, 934 F.2d 1161, 1162 (10th Cir. 1991) (citing Hancock v. City of Oklahoma City, 857 F.2d 1394, 1396 (10th Cir. 1988)), cert. denied, 502 U.S. 1111 (1992). In this case, Mr. Gutierrez' failure to respond to the motion to dismiss, even after having been notified by the appellee that

---

[3]Under the amended rules, a response is now due within fourteen calendar days after service of a motion. D.N.M.LR-Civ. 7.6(a) (1996). Applying either version of the rules, Mr. Gutierrez' case was not dismissed until well beyond the time allowed for filing a response.

3

such failure would result in dismissal of his claims, was further aggravated by his failure to supply the court with any reason or excuse for this omission.

Mr. Gutierrez complains that he was denied his "day in court." Aplt's Br. at 3. But the record reflects that he chose himself not to respond to the appellee's motion to dismiss. See Aple's Br. at 5. The court cannot help litigants who completely and without excuse fail to help themselves. We cannot conclude under these circumstances that the court's order of dismissal was an abuse of its discretion.

The dismissal is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge

4