**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 3 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SAMUEL J. WILDER,

      Plaintiff - Appellant,

v.

SALVATION ARMY, sued as: The
Salvation Army (dormitory supervisor
Buddy Campbell) - Buddy Campbell,

      Defendant - Appellee.

No. 97-5227
(D.C. No. 97-CV-93-B)
(Northern District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **MCKAY** and **LUCERO**, Circuit Judges.

Samuel J. Wilder, appearing pro se and in forma pauperis, appeals final

judgment in this action in favor of the defendant. Construing this appeal

liberally, we discern three grounds of appeal: (1) the district court's decision

granting summary judgment in favor of the Salvation Army was in error; (2) the

---

[*]   The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

district court erred in failing to compel production of personal records allegedly held by R. Kenneth King and Curtis Eckwood; and (3) final judgment should not have been entered because Wilder did not receive notice that St. John Medical Center, Inc. and the Day Center for the Homeless were dismissed as defendants. We affirm.

## I

On January 31, 1997, Mr. Wilder filed this action against the Salvation Army, alleging that Buddy Campbell, a dormitory supervisor, had slandered him. In its answer to Wilder's complaint, the Salvation Army denied the allegations and asserted truth, lack of publication, and absence of damages as affirmative defenses. The district court then permitted Wilder to add St. John Medical Center and the Day Center for the Homeless as party defendants. Finally, Wilder amended his complaint to allege another act of defamation by a different employee of the Salvation Army.

On July 29, 1997, the Salvation Army moved for summary judgment. Having received no response to this motion from the plaintiff for over four months, the district court ultimately deemed the motion confessed and granted summary judgment in favor of the Salvation Army. See N.D. Okla. R. 7.1(C) (allowing "the district court, in its discretion, to deem the matter confessed, and enter the relief requested" if the nonmoving party has not responded within 15

days). Because it had previously dismissed St. John Medical Center and the Day Center for the Homeless without prejudice, the district court entered final judgment against Wilder.

**II**

We review a district court's decision to grant summary judgment on the basis of a confessed motion for abuse of discretion. See Miller v. Department of the Treasury, 934 F.2d 1161, 1162 (10th Cir. 1991). In determining whether summary judgment was proper, we look to three factors: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant. Id. Only when these aggravating factors outweigh the strong predisposition to resolve actions on the merits will we find summary judgment appropriate. See id.

The Salvation Army moved for summary judgment, arguing that the defamatory statements alleged by Wilder were either true or that no "publication" had occurred as required under Oklahoma law.[1] There is no evidence in the record that the plaintiff contested the Salvation Army's motion or produced any evidence challenging these assertions. Wilder does not contend that he responded to the motion for summary judgment. Rather, he claims that he failed to respond

---

[1]  Under Oklahoma law, falsity and publication are both elements of the tort of slander. See Okla. Stat. Ann. tit. 12, § 1442.

because the district court erroneously refused to appoint an officer to take depositions for him. This claim is without merit.

Wilder argues that Rule 28(a) of the Federal Rules of Civil Procedure requires the district court to appoint an officer to take depositions on his behalf. See Fed. R. Civ. P. 28(a) ("[D]epositions shall be taken before an officer authorized to administer oaths . . . or before a person appointed by the court in which the action is pending."). The purpose of the language in Rule 28(a), however, is to provide district courts with the power to appoint an officer "where there is no one readily available who has the power to administer oaths and take testimony." Fed. R. Civ. P. 28 advisory committee notes. Plaintiff does not argue that there are no certified shorthand reporters available in the Northern District of Oklahoma. It therefore cannot be argued that the district court was under a duty to appoint an officer to take depositions. See, e.g., Beard v. Stephens, 372 F.2d 685 (5th Cir. 1967) (allowing a plaintiff to proceed in forma pauperis does not impose any duty on the district court to appoint an officer of the court to take discovery depositions for such plaintiff).

The plaintiff has thus failed to establish any valid reason for failing to respond to the summary judgment motion. Accordingly, we cannot conclude that the district court abused its discretion in taking the Salvation Army's motion as confessed and entering summary judgment in favor of the defense.

## III

Wilder argues on appeal that he could have "shown the Salvation Army's involvement in [a] conspiracy" to violate his "Civil Rights, under the R.I.C.O. Act" if the district court had compelled production of his personal records, which he alleges are in the possession of R. Kenneth King and Curtis Eckwood. Appellant's Reply Br. at 2. This claim is also without merit. The only allegation Wilder makes of a violation of his civil rights appears in a document entitled "Plaintiff's Reply to Defendant's Answer to Petition." The district court properly struck this pleading from the record because the Federal Rules of Civil Procedure do not provide for a reply to an answer. See Fed. R. Civ. P. 7(a) (no reply to an answer is allowed absent an order from the court); cf. Barkeij v. Ford Motor Co., 230 F.2d 729 (9th Cir. 1956) ("[T]he same rules are applicable to appeals in forma pauperis as to any ordinary appeal."). Moreover, we cannot construe this pleading as an amendment to Wilder's initial complaint because there is no evidence that he was given leave of court to so amend his complaint. See Murray v. Archambo, 132 F.2d 609, 612 (10th Cir. 1998); Fed. R. Civ. P. 15(a).

It is of no consequence that Wilder believes that his personal records demonstrate the Salvation Army's involvement in a conspiracy to violate his civil rights because the only claims properly before this court are those relating to Wilder's claims of defamation. Wilder fails to indicate how the production of his

personal records would assist in the pursuit of his slander claims.  We therefore cannot conclude that the failure to order production was in error.

## IV

Wilder's final ground for appeal is that it was error to enter final judgment against him because he never received notice from the district court that St. John's Medical Center, Inc. and the Day Center for the Homeless had been dismissed as defendants.  Although this claim appears to be one that could properly arise under Rule 60(b)(1) of the Federal Rules of Civil Procedure, Wilder did not seek relief from the district court on that, or any other, basis.

"Generally, an appellate court will not consider an issue raised for the first time on appeal." Tele-Communications, Inc. v. Commissioner, 104 F.3d 1229, 1232 (10th Cir. 1997).  The reason for such a rule rests in part on the nature of such review in that it would often undermine the need for finality in litigation as well as require this court to remand for additional findings and evidence. See id. Both stated reasons weigh against reviewing this claim of error because the record does not reflect that the district court was given any opportunity to gather evidence or hear arguments on this claim. See id.  Further, it is unclear on the present record whether the lack of notice prejudiced the plaintiff in any way.  We

therefore refuse to consider this issue because it has not been raised before the district court.[2]

AFFIRMED

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge

---

[2] Our decision on this issue should not be read to bar a subsequent motion by the plaintiff for relief from a final judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. In order to prevail on such a motion, however, the plaintiff must establish a record in the district court before appealing to this court.