**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 9 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RONNIE J. DUNFORD,

      Plaintiff - Appellant,

v.

LEROY YOUNG, Warden of the John
Lilly Correctional Center; JENNIFER
WELLS, The Property Officer; CASE,
Lt, Security Officer

      Defendants - Appellees.

No. 98-7049
(D.C. No. 97-CV-523-S)
(Eastern District of Oklahoma)

**ORDER AND JUDGMENT** [*]

Before **BRORBY** , **EBEL** and **LUCERO** , Circuit Judges.


Appellant Ronnie Dunford, a state prisoner appearing pro se, appeals the

district court's dismissal of his § 1983 action after he failed to respond in a

timely fashion to Appellees' Motion to Dismiss/Motion for Summary Judgment.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1.9. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

Dunford's original action sought redress for the loss of property—specifically, his trial transcripts—that he claimed had been misappropriated by prison officials. He filed his original complaint on September 16, 1997. Defendants, officials in the Oklahoma prison system, filed a court-ordered Special Report and Motion to Dismiss/Motion for Summary Judgment on January 7, 1998. Dunford's deadline to file a response to defendant's motion was January 22, 1998. After missing the deadline, Dunford filed a motion on February 10, 1998, for an extension of time to respond, which the court granted. The court set Dunford's new deadline at March 6, 1998. After missing that deadline as well, Dunford applied for another extension on March 11, 1998. The court granted plaintiff's motion, but only gave him until the end of the day on March 11 to file his response. Dunford failed to honor that deadline, and finally filed his response five days later.

The district court entered a minute order on March 31, 1998, dismissing Dunford's action for his failure to comply with the Eastern District of Oklahoma's Local Rule 7.1(B), which requires a pleading or response to a motion to be filed within fifteen days. See E.D. Okla. R. 7.1(B). We review such a dismissal for abuse of discretion, considering "the degree of actual prejudice to the defendant[s], the amount of interference with the judicial process, [and] the culpability of the litigant." Murray v. Archambo, 132 F.3d 609, 610-11 (10th

Cir. 1998) (citation omitted). "[O]nly when these aggravating factors outweighed the judicial system's strong predisposition to resolve cases on their merits is outright dismissal with prejudice an appropriate sanction." Miller v. Department of Treasury, 934 F.2d 1161, 1162 (10th Cir. 1991) (discussing standard of review applicable to dismissal for failure to comply with a similar local rule).

We find that the district court was within its discretion to dismiss appellant's case with prejudice. There is nothing on the record or in his briefs to explain why Dunford missed three reasonable deadlines to respond to defendants' motion to dismiss. We generally defer to the trial judge when we review a default judgment, because the trial judge is "in the best position to evaluate the good faith and credibility of the parties." Nikwei v. Ross Sch. of Aviation, Inc., 822 F.2d 939, 941 (10th Cir. 1987). Furthermore, although we hold the pleadings of pro se litigants to a less stringent standard than formal pleadings drafted by lawyers, see Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996), "an appellant's pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994). In the absence of a specific federal rule, we will respect the local rules of a federal district that regulate practice in a manner consistent with federal law.

See Beaird v. Seagate Technology, Inc. , 145 F.3d 1159, 1164 (10th Cir. 1998) (quoting Fed.R.Civ.P. 83(b)).

We do not, however, find that his appeal is "frivolous, malicious, or fails to state a claim upon which relief may be granted" for purposes of 28 U.S.C. 1915(g).  Although Dunford failed to abide by the Eastern District of Oklahoma's Local Rule 7.1(B) requiring a timely response, he did ultimately file an objection to defendants' Special Report and Motion to Dismiss/Motion for Summary Judgment—albeit five days late.  His appeal therefore should not be considered a "prior occasion" for purposes of 28 U.S.C. § 1915(g).

We AFFIRM the district court's order.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge

-4-