**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 3 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KIMBERLY MARTINEZ,

      Plaintiff-Appellant,

v.

TOBY ALIRE; WAL-MART
STORES, INC., doing business as
Sam's Club,

      Defendants-Appellees.

No. 97-2397
(D.C. No. CIV 97-174)
(Dist. New Mex.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **ANDERSON** and **BRISCOE,** Circuit Judges.

Kimberly Martinez appeals from the district court's order dismissing her
complaint with prejudice. The district court ruled that her failure to serve a
responsive motion to Wal-Mart's motion to dismiss constituted consent to grant

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the motion pursuant to D.N.M.LR-Civ. 7.5(b),[1] and, additionally, that the motion was well-taken.  We reverse.[2]

Kimberly Martinez sued Wal-Mart and her co-worker Toby Alire alleging assault, battery, and negligent and intentional infliction of emotional distress. She sued Wal-mart alone for negligent supervision.  These claims arose out of Mr. Alire's alleged physical and psychological sexual harassment of Ms. Martinez, as well as Wal-Mart's unreasonable failure to stop his behavior and its attempt to cover it up.  When Mr. Alire was dismissed as a defendant without prejudice, Wal-Mart removed the case to federal court.

After receiving the case, the district court approved an Initial Pre-Trial Report requiring that all pre-trial motions be filed by October 16, 1997;[3] any motions filed after that date would "be considered untimely in the discretion of the Court."  Aplt. App. at 21.  On October 16, 1997, Wal-Mart served upon Ms. Martinez a motion to dismiss.  In a letter to the magistrate judge, Wal-Mart asked

---

[1] That Rule states that "[f]ailure to serve . . . a response in opposition to any motion constitutes consent to grant the motion."  D.N.M.LR-Civ. 7.5(b).

[2] Wal-Mart's Motion to Exclude Motions, Briefs and Memoranda is denied.

[3] Under the District of New Mexico Local Rules, the movant serves the opposing party with any pre-judgment motions and the opposing party responds to the movant.  Once both parties have finished responding and replying, the movant then files all documents as a package with the court.  *See* D.N.M.LR-Civ. 7.3. Both parties to this appeal are under the impression that the entire package was required to be filed by October 16, 1997, under the terms of the Pretrial Report.

the court to "accommodate [its] service of the Motion today," *id.* at 57, but did not file a motion for an extension of time pursuant to Fed.R.Civ.P. 16(b) and D.N.M.R.LR-Civ. 16.1 ("Any deadlines established in the Initial Pretrial Report will govern actions in pretrial matters once the report is entered by the Court. Any modification of the deadlines, whether or not opposed, will require a showing of good cause and Court approval."). Apparently neither the magistrate judge nor the district court ever replied to this informal request. Ms. Martinez' counsel, however, responded by letter directly to defense counsel, with a copy to the magistrate judge:

> Since there has been no motion filed to extend the time periods of the IPTR, and no motion has been filed, or requested to be filed, asking the Court to grant you leave to file your motion late, I am assuming that I do not have to respond to your Motion or Brief.
> If I am in error, please let me know.

*Id.* at 58. A few weeks later, on November 12, 1997, counsel wrote again with a copy to the magistrate judge, "I am reluctant to dishonor the Court's deadline by responding to your motion. . . . I would be ready, willing, and able to respond to your motion if it can be filed with the Court's blessing." *Id.* at 60.

The next day, Wal-Mart filed its motion to dismiss with the district court, almost one month after the deadline for filing pretrial motions had passed. No motion for an extension of time was ever filed. Without notifying the plaintiff that it would consider Wal-Mart's untimely motion, the district court granted the

motion, dismissing Ms. Martinez' complaint with prejudice due to her failure to respond.[4]

We review for an abuse of discretion a district court decision to dismiss a case with prejudice due to non-compliance with a local rule. *See Murray v. Achambo*, 132 F.3d 609, 610 (10th Cir. 1998). We have held that the court must consider three factors in deciding whether dismissal for the failure to file a responsive pleading is proper: "'1) the degree of actual prejudice to the defendant[s]; 2) the amount of interference with the judicial process; [and] 3) the culpability of the litigant.'" *Id.* at 611 (quoting *Hancock v. City of Oklahoma*, 857 F.2d 1394, 1396 (10th Cir. 1988)); *see also Miller v. Department of Treasury*, 934 F.2d 1161, 1162 (10th Cir. 1991). "[O]nly when these aggravating factors outweigh[] the judicial system's strong predisposition to resolve cases on their merits is outright dismissal with prejudice an appropriate sanction." *Hancock*, 857 F.2d at 1396.

---

[4] The Order also summarily states that Wal-Mart's motion is "well-taken." Aplt. App. at 29. If the district court meant to dismiss the action on the merits as well as for non-compliance with the rule, it erred in doing so. The court never notified Ms. Martinez it would accept Wal-Mart's untimely filing, *cf. Stewart Title Guar Co. v. Cadle Co.*, 74 F.3d 835, 836-37 (7th Cir. 1996) (reversing the trial court's unexpected dismissal and cautioning against "surprise dispositive action"), and Ms. Martinez claims are not frivolous so as to deny her the right to such notice, *cf. McKinney v. State of Okla.*, 925 F.2d 363, 365 (10th Cir. 1991) (upholding dismissal of case without notice where district court found case "frivolous, improper and totally void of merit").

Under our cases, the district court abused its discretion by summarily dismissing with prejudice Ms. Martinez' action without any analysis of whether dismissal was appropriate. *See Miller*, 934 F.2d at 1162. Moreover, on this record we are convinced dismissal was not appropriate. First, Ms. Martinez' failure to serve a response did not harm defendant or the judicial process. She was "ready, willing and able" to respond, and would not have caused any material delay had she been informed the court would accept Wal-Mart's untimely motion. Second, Ms. Martinez is hardly culpable. Defendant filed past the deadline and without moving for an extension of time. The court never gave her notice that it would consider the untimely dismissal motion, and her letters indicate an understandable confusion about whether her response was required. At worst, Ms. Martinez' failure to respond was "a single incident, completely unintentional and not contumacious in nature." *Hancock*, 857 F.2d at 1396. Dismissal with prejudice was not warranted.

We **REVERSE** the trial court's order dismissing Ms. Martinez' action with prejudice and **REMAND** the case for further proceedings.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge