**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 4 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HARLIN DONNELL THIERRY,

      Petitioner - Appellant,

vs.

GARY L. GIBSON; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondents - Appellees.

No. 99-7058
(D.C. No. 98-CV-369-S)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

      Mr. Thierry, an inmate appearing pro se, seeks to appeal from the district

court's dismissal of his habeas petition, 28 U.S.C. § 2254. By minute order, Mr.

Thierry's petition was dismissed because he failed to respond to the state's

motion to dismiss as required by Local Rule 7.1(B) of the Eastern District of

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

Oklahoma. In its motion to dismiss, the state argued that Mr. Thierry's petition was barred by the one-year limitation period contained in 28 U.S.C. § 2244(d)(1). The state argued that (a) Tenth Circuit authority allowing for an April 23, 1997 deadline for certain petitioners and tolling under § 2244(d)(2) was wrongly decided, and (b) even under that authority, Mr. Thierry's petition was past the tolled deadline.

On appeal, Mr. Thierry argues that he was not required to respond because replies are optional under the local rule and the information in response is contained in his petition. The argument ignores the difference between a response by the non-movant (mandatory) and a reply by the movant (optional). In the alternative, he argues that he should be allowed to respond because his petition is timely. Given the unusual circumstances in this case, we grant Mr. Thierry's motion for leave to proceed on appeal without prepayment of fees or costs, grant his application for a certificate of appealability, reverse and remand for further proceedings.

The district court's dismissal for failure to respond is reviewed under an abuse of discretion standard. See Murray v. Archambo, 132 F.3d 609, 610 (10th Cir. 1998). The district court's dismissal, although without prejudice, is tantamount to a dismissal with prejudice because the one-year limitation period would surely bar Mr. Thierry upon refiling. Although the local rule requiring a

response provides that "the failure to comply will constitute a confession of the matters raised by the pleadings," E.D. Okla. L. R. 7.1(B) Civ., this language has been construed as requiring discretion in its application. See Murray, 132 F.3d at 611 n.2;cf., Miller v. Department of Treasury, 934 F.2d 1161, 1162 (10th Cir. 1991) (construing the similar language of N.D. Okla. L. R. 15(A) Civ. in the same manner).

Our cases have suggested that measures short of outright dismissal should be considered even when a non-movant fails to respond. See Meade v. Grubbs, 841 F.2d 1512, 1520-22 (10th Cir. 1988). In making its determination, the district court should consider: "(1) the degree of actual prejudice to the [petitioner]; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant." Miller, 934 F.2d at 1162. "[O]nly when these aggravating factors outweighed the judicial system's strong predisposition to resolve cases on their merits is outright dismissal with prejudice an appropriate sanction." Hancock v. City of Oklahoma City, 857 F.2d 1394, 1396 (10th Cir. 1998).

Application of these factors could not sustain dismissal in this case. While we recognize the importance of prompt disposition of motions by the district court, this was a single incident of non-compliance based upon an erroneous reading of the local rule by Mr. Thierry. To be sure, Mr. Thierry as a pro se

litigant is bound by the rules of procedure, but his pro se status may bear on his culpability. See Ehrenhaus v. Reynolds, 965 F.2d 916, 920 n.3 (10th Cir. 1992). Moreover, the legal grounds urged in the state's motion to dismiss, which we consider de novo, are completely without merit.

First, the district court was bound to apply circuit precedent, and could not disregard it as urged by the state. See United States v. Spedalieri, 910 F.2d 707, 709 (10th Cir. 1990). Second, application of that precedent to the uncontroverted facts renders Mr. Thierry's petition timely. Although the state argued that 379 untolled days passed before Mr. Thierry's federal petition was filed, it failed to exclude 59 days that must be tolled. Specifically, the state included 27 days between the state district court's denial of Mr. Thierry's petition for post-conviction relief and his appeal of that order. It also included 32 days between the filing of the state district court's amended order in the same case, and Mr. Thierry's appeal of that order.

"The time during which a properly filed application for State post-conviction . . . review . . . is pending shall not be counted toward" the one-year limitations period. Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998). "[T]he term [pending] must be construed . . . to encompass all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction

application." Barnett v. LeMaster, 167 F.3d 1321, 1323 (10th Cir. 1999). This means that the time between the state district court judgment and the application for an appeal of that judgment should not have been counted against Mr. Thierry. See, e.g., Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999); Haney v. Addison, 175 F.3d 1217, 1220-21 (10th Cir. 1999) (applying this rule in making calculations to determine timeliness).

REVERSED and REMANDED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge