**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 17 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DUNCAN WILLIAMS,

        Plaintiff-Appellant,

v.

ARAMARK EDUCATIONAL
GROUP, INC., a Delaware
Corporation,

        Defendant-Appellee.

No. 99-6140
(D.C. No. 97-CV-1319-L)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **LUCERO** , and **MURPHY** , Circuit Judges.

---

    Plaintiff-appellant Duncan Williams, proceeding pro se, filed this action

alleging that his former employer, defendant-appellee Aramark Educational

Group, Inc., discriminated against him on the basis of his race, in violation of

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Title VII of the Civil Rights Act of 1964. [1] Aramark, which operates a contract food service management company at Oklahoma Baptist University located in Shawnee, Oklahoma, filed a motion for summary judgment. He asserted that: (1) the lawsuit was untimely; (2) Williams had been laid off due to low student enrollment; and (3) Aramark had not treated Williams differently from similarly-situated nonminority employees. When Williams failed to respond to the summary judgment motion within the time limits prescribed by the local rules, the district court deemed the motion confessed. In addition, the court determined that Aramark's submissions demonstrated entitlement to summary judgment as a matter of law.

The court therefore entered judgment in favor of Aramark. After learning of the court's disposition of his case, Williams requested reconsideration, but did not present any facts suggesting that summary judgment was inappropriate. The court denied the request for reconsideration and this appeal followed.

We review a grant of summary judgment de novo, applying the same standard as the district court. See Siemon v. AT&T Corp., 117 F.3d 1173, 1175 (10th Cir. 1997). Summary judgment is appropriate if "there is no genuine

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When the district court deems a moving party's facts admitted because a nonmoving party failed to timely respond, we review the ensuing grant of summary judgment for an abuse of discretion. See Miller v. Department of Treasury, 934 F.2d 1161, 1162 (10th Cir.1991).

Pro se litigants are required to follow the same rules of procedure, including local court rules, as those governing other litigants. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir.1992). The record demonstrates that the court informed Williams of his obligations to comply with the rules. Nevertheless, he "respond[ed] to correspondence or pleadings which [were] mailed to him as he deem[ed] fit and not as required by the Local Rules or Fed. R. Civ. P." R., tab 31 at 2 (quotation omitted). We conclude the district court did not abuse its discretion in deeming Aramark's uncontroverted facts admitted.

As these facts were properly deemed admitted, including the fact that Williams filed his complaint more than ninety days after he received the right-to-sue letter issued by the Equal Employment Opportunity Commission, summary judgment was appropriate. Even on appeal, Williams has failed to come forward with any disputed issues of material fact. His race discrimination claim fails because he did not present any evidence that he was laid off for any reason other

than a reduction of worker hours due to low student enrollment, or that members of other races were treated differently. Moreover, Williams' assertions of improprieties on the part of the district court, the Equal Employment Opportunity Commission, opposing counsel, and other attorneys are irrelevant and unsupported.

The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Carlos F. Lucero
Circuit Judge