**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 10 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TERRY HARDAGE,

     Plaintiff-Appellant,

v.

RUBY JAMES; DEBBIE MANNON;
MARY DOE, #1,

     Defendants-Appellees.

No. 00-7019
(E. District of Oklahoma)
(D.C. No. 99-CV-614-S)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY,** and **MURPHY**, Circuit Judges.

     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Terry Hardage, appearing *pro se*, appeals the district court's dismissal of Hardage's 42 U.S.C. § 1983 civil rights complaint for failure to prosecute. The district court dismissed the complaint after Hardage failed to appear at a status and scheduling conference in violation of a district court order. In the brief on appeal, Hardage asserts that rather than appearing at the status conference, Hardage sent a non-attorney "friend" to the conference to explain that Hardage could not personally appear at the conference because of a plea in abeyance in state court which prohibited Hardage from reentering the state of Oklahoma for a period of two years. Hardage further asserts that because the friend was not an attorney, the district court would not let her speak in court. On the day of the scheduling conference, the district court entered a Minute Order simply noting as follows: "[Said cause is dismissed] for failure of plaintiff to appear and prosecute at the status & scheduling conference on 12/23/99."[1]

This court reviews a dismissal for failure to prosecute or noncompliance with court orders for abuse of discretion. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). In so doing, this court recognizes the district court's inherent power to dismiss an action with prejudice for inexcusable failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962). This court

---

[1]Pursuant to Federal Rule of Civil Procedure 41(b), the district court's dismissal for failure to prosecute is presumed to be a dismissal with prejudice.

also recognizes that even though *pro se* litigants like Hardage are held to a less stringent standard than a licensed attorney, they must still follow the same rules of procedure governing other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Nevertheless, when a dismissal is with prejudice, the district court must explain why it imposed the extreme sanction of dismissal. *See Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1439 (10th Cir.1990).

Upon examination of the entire record on appeal, this court concludes that the district court's terse Minute Order is insufficient to justify the "extreme sanction of dismissal." *See id.* Furthermore, there is nothing in the record to indicate that Hardage's failure to appear at the status conference was part of a pattern or practice of obstreperous or recalcitrant conduct. Given the record and the district court's complete failure to explain why it dismissed Hardage's complaint with prejudice, this court concludes that it is impossible to meaningfully review the district court order.

The dissent asserts that our remand to the district court is simply a "'make work' exercise requiring the trial court judge to further document what is obvious." Dissenting Op. at 2. In so asserting, the dissent misapprehends both the majority opinion and the record. The record establishes the following. Hardage filed his *pro se* civil rights complaint on November 16, 1999. On

December 2, 1999, the district court entered an order setting the case for a status and scheduling conference for December 23, 1999. Hardage did not appear at the conference in violation of the district court order. That same day, the district court dismissed Hardage's complaint with prejudice in a simple one-line minute order. At that point, the only information upon which the district court could have based its dismissal is Hardage's *pro se* status and his failure to appear at the conference. Neither of those facts, considered either separately or in concert, is enough for this court to affirm a bare-bones, minute-order dismissal with prejudice.[2] Although Hardage's failure to appear at the status conference certainly reflects on his culpability, nothing in the record bears on how this single failure might have prejudiced the defendants or the meaningful impact, if any, on the judicial process itself. *See Murray v. Archambo*, 132 F.3d 609, 610-11 (10th Cir. 1998) (holding that a consideration of all three factors is necessary to determine whether the district court abused its discretion in dismissing a case with prejudice). Only when these aggravating factors outweigh the judicial systems' strong predisposition to resolve cases on their merit is an outright dismissal with prejudice an appropriate sanction. *See Miller v. Department of Treasury*, 934 F.2d 1161, 1162 (10th Cir. 1991). The appropriate course in this

---

[2]Although this court is able to surmise from Hardage's appellate filings the reason that he failed to attend the status conference, there is nothing in the record to indicate the district court was aware of the reason.

particular case was for the district court to issue a show cause order directing Hardage to account for his failure to appear and then, after balancing, on the record, Hardage's response against the factors set out in *Archambo*, determine whether dismissal with prejudice was the appropriate sanction.

Nor do Hardage's appellate filings provide a sufficient basis for this court to affirm the district court's summary dismissal. Those filings simply indicate the reason he was unable to attend the hearing and his attempts, albeit improperly conceived, to inform the district court of those reasons. There is no indication that he is unwilling to hire an attorney if that is the only appropriate alternative, under the particular facts of this case, to dismissal. In conclusion, we simply note that a remand to the district court to properly document and analyze the propriety of the extreme sanction of dismissal with prejudice is hardly an exercise in "'make work.'" Dissenting Op. at 2.

Accordingly, the district court's order of dismissal is hereby **VACATED** and the case is **REMANDED** to the district court for further proceedings. If, upon remand, the district court again concludes that dismissal is an appropriate remedy, it must state specifically why such a sanction is appropriate. *See id.*

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge

-5-

NO. 00-7019 – HARDAGE v. JAMES

**BRORBY**, Circuit Judge, dissenting

I respectfully dissent for the reason I find the explanation for the district court's dismissal of Mr. Hardage's complaint with prejudice to be self-evident and the record adequate for meaningful review.

Attorneys and litigants have an obligation to proceed in good faith toward resolution of a case. By Mr. Hardage's own admission and actions, he is unwilling to fulfill that obligation. First, Mr. Hardage filed his § 1983 action *pro se* and now explains in his brief he is prohibited from reentering the State of Oklahoma for a period of two years because of a plea in abeyance in state court.[1] He makes no mention of any intent to return or in the alternative, to retain counsel to represent him in his absence. Exactly how does he intend to prosecute his case?

Second, after being ordered to appear at the status and scheduling conference, Mr. Hardage filed no motion and made no effort to communicate with the court on his own behalf. He simply sent a friend, a non-attorney, to explain his dilemma. There was no showing the friend was in any way authorized to speak for Mr. Hardage, nor could she be. *See Meeker v. Kercher*, 782 F.2d 153,

---

[1] This fact alone would seem adequate grounds for dismissal of his complaint with prejudice.

154 (10th Cir. 1986) (civil party cannot be represented by non-attorney).  I posit the district court was fully justified under the circumstances in disallowing Mr. Hardage's friend an opportunity to speak in court.

In sum, I am unwilling to remand this matter to the district court simply as a "make work" exercise requiring the trial court judge to further document what is obvious.  Any further proceedings or record most certainly would not be worth the courts' or the defendant's time or expense.  I see no abuse of discretion and would not interfere with the district court's inherent power to control its docket in a reasonable manner.  I would affirm the district court's dismissal.